1    MATTHEW J. RUGGLES, Bar No. 173052
     ADRIANNE B. SAMMS, Bar No. 238786
2    LITTLER MENDELSON
     A Professional Corporation
3    2520 Venture Oaks Way, Suite 390
     Sacramento, CA  95833.4227
4    Telephone:    916.830.7200
     Fax No.:      916.561.0828
5
     Attorneys for Defendants
6    NIELSEN MEDIA RESEARCH, INC. AND THE
     NIELSEN COMPANY (US), INC.,
7    ERRONEOUSLY SUED AS VNU USA, INC.

8
                    UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11   CHRISTINE EARL,                    Case No.

12               Plaintiff,             **NOTICE OF REMOVAL OF CIVIL
                                        ACTION PURSUANT TO 28 U.S.C. §§ 1332
13        v.                            AND 1441**

14   VNU USA, INC., NIELSEN MEDIA       (DIVERSITY)
     RESEARCH, INC., and DOES 1 through
15   25,                               Solano County Superior Court
                                        Case No. FCS030332
16               Defendant.
                                        COMPLAINT FILED:  OCTOBER 11, 2007
17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916 830 7200

Firmwide:83996484.1 047031.1007

NOTICE OF REMOVAL OF CIVIL ACTION (DIVERSITY)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Nielsen Media Research, Inc., a Delaware corporation, and Defendant The Nielsen Company (US), Inc. erroneously sued as VNU USA, INC., a New York corporation, remove to this Court the state court action described herein. Defendants remove the captioned action from the Superior Court of the State California in and for the County of Solano. Removal jurisdiction is proper in this Court pursuant to 28 U.S.C § 1441(b) due to diversity of citizenship between the parties. In support of its Notice of Removal of Civil Action, Defendants state:

## JURISDICTION

1.    This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a) and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) because Plaintiff Christine Earl is a citizen of the State of California, and Defendants Nielsen Media Research, Inc. and The Nielsen Company (US), Inc., erroneously sued as VNU USA, Inc., are Delaware and New York corporations, respectively, with their principal place of business in the State of New York. The amount in controversy in this action exceeds $75,000.00.

2.    On October 11, 2007, Plaintiff commenced a civil action in the Superior Court of the State of California in and for the County of Solano entitled: *CHRISTINE EARL, Plaintiff v. VNU USA, INC., NIELSEN MEDIA RESEARCH, INC., and DOES 1 through 25, inclusive, Defendants*, designated as Case No. FCS0332. A true and correct copy of Plaintiff's Complaint is attached as Exhibit A.

3.    Plaintiff's Complaint alleges causes of action for: (1) Age Discrimination in Violation of the FEHA; (2) Disability Discrimination in Violation of the FEHA; and (3) Termination in Violation of Public Policy. Plaintiff's Complaint seeks, *inter alia*, the following relief: back pay, front pay, punitive damages, and reasonable attorney's fees and costs pursuant to California Government Code section 12965(b). [*See* Complaint, ¶¶ 15, 18, and Prayer for Relief, p. 5:15-22, attached as Ex. A.]

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 830 7200

Firmwide:83996484.1 047031.1007                                        2.

NOTICE OF REMOVAL OF CIVIL ACTION (DIVERSITY)

4.    On November 5, 2007, Nielsen Media Research, Inc. and The Nielsen Company (US), Inc., erroneously sued as VNU USA, Inc. were served with a copy of the Complaint filed in the Sacramento County Superior Court and a Summons.  A true and correct copy of the Summons is attached as Exhibit B.

5.    The Summons and Complaint constitute all of the pleadings served upon Defendants Nielsen Media Research, Inc. and The Nielsen Company (US), Inc., erroneously sued as VNU USA, Inc., in this action.

6.    Prior to filing this Notice of Removal, Defendants Nielsen Media Research, Inc. and The Nielsen Company (US), Inc., erroneously sued as VNU USA, Inc., filed an Answer to Plaintiff's Complaint in the Solano County Superior Court.  A true and correct copy of the Answer is attached as Exhibit C.

7.    On November 12, 2007, Defendants served on counsel for Plaintiff Christine Earl Defendants' Form Interrogatories – Employment Law, Set One.  A true and correct copy of Defendants' Form Interrogatories – Employment Law, Set One, is attached as Exhibit D.

8.    On December 26, 2007, counsel for Defendant received Plaintiff's Response to Defendants' First Set of Form Interrogatories – Employment Law via U.S. mail.  A true and correct copy of Plaintiff's Response to Defendants' First Set of Form Interrogatories – Employment Law is attached as Exhibit E.

9.    This Notice of Removal of Civil Action has been timely filed because it is made within 30 days after receipt by Defendants Nielsen Media Research, Inc. and The Nielsen Company (US), Inc., erroneously sued as VNU USA, Inc. of a copy of Plaintiff's Response to Defendants' First Set of Form Interrogatories – Employment Law, from which it first could be ascertained that this case is one which is removable because the amount in controversy became apparent in Plaintiff's Response to Defendants' First Set of Form Interrogatories – Employment Law, as explained below. 28 U.S.C. § 1446(b).

10.    Venue is proper in this Court in that this is the Court for the district and division embracing the place where the action is pending in state court. 28 U.S.C. § 1441(a).

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 830 7200

Firmwide:83996484.1 047031.1007

3.

NOTICE OF REMOVAL OF CIVIL ACTION (DIVERSITY)

## DIVERSITY OF CITIZENSHIP

11.    Complete diversity of citizenship exists between the parties because:

(a)    Plaintiff is a citizen of the State of California. [Ex. A, ¶ 3];

(b)    A corporation is a citizen of its state of incorporation and the state where is has its principal place of business.  28 U.S.C. § 1332(c)(1).  Defendant Nielsen Media Research, Inc. is a Delaware corporation, and its principal place of business is located in New York.  Defendant The Nielsen Company (US), Inc., erroneously sued as VNU USA, Inc., is a New York corporation and its principal place of business is located in New York.  Accordingly, Defendants Nielsen Media Research, Inc. and The Nielsen Company (US), Inc. are not citizens of the State of California; and

(c)    Plaintiff's Complaint names as defendants "*DOES 1 THROUGH 25, inclusive*."  Defendants Nielsen Media Research, Inc. and The Nielsen Company (US), Inc. are informed and believe and on that basis allege that none of the fictitiously named defendants has been served with a copy of the Summons and Complaint.  Thus, these fictitiously named defendants are not parties to this action.  Additionally, for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(a).

## AMOUNT IN CONTROVERSY

12.    Although the Complaint does not allege a specific amount in controversy, it can be ascertained that the amount in controversy in this action does, in fact, exceed $75,000.00 for Plaintiff.

13.    Plaintiff Christine Earl's Response to Defendants' First Set of Form Interrogatories – Employment Law, dated December 20, 2007 and attached as Exhibit E, demonstrates that Plaintiff Christine Earl is seeking damages in excess of $75,000.00.  Specifically, Plaintiff Christine Earl's Response to Defendants' First Set of Form Interrogatories – Employment Law states that Plaintiff seeks approximately $94,380.00 in alleged lost wages and benefits.  [Ex. E, p. 5:13-17]  Additionally, Plaintiff's Complaint seeks recovery of an award of punitive damages and statutory attorney's fees pursuant to California Government Code § 12965  [Complaint, Prayer for Relief, p.5:17-23, attached as Ex. A.]  Based on all of the foregoing, the amount in controversy in

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833.4227
916 830.7200

Firmwide:83996484.1 047031.1007                              4.

NOTICE OF REMOVAL OF CIVIL ACTION (DIVERSITY)

this case exceeds $75,000.00.

WHEREFORE, Defendants Nielsen Media Research, Inc. and The Nielsen Company (US), Inc., erroneously sued as VNU USA, Inc., pray that the above action now pending against them in the Superior Court of the State of California in and for the County of Solano be removed therefrom to this Court.

Dated: January 8, 2008

/s/ Matthew J. Ruggles
MATTHEW J. RUGGLES
ADRIANNE B. SAMMS
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
NIELSEN MEDIA RESEARCH, INC. AND
THE NIELSEN COMPANY (US), INC.,
ERRONEOUSLY SUED AS VNU USA, INC.

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833.4227
916.830.7200

Firmwide:83996484.1 047031.1007

5.

NOTICE OF REMOVAL OF CIVIL ACTION (DIVERSITY)

# EXHIBIT A

ENDORSED FILED
Clerk of the Superior Court

OCT 11 2007

LINDA G. ASHCRAFT
By K. WILSON
DEPUTY CLERK

ASSIGNED TO
JUDGE HARRISON
FOR ALL PURPOSES

DEBORAH KOCHAN (S.B. #152089)
MATHEW STEPHENSON (S.B. #154330)
KOCHAN & STEPHENSON
260 California Street, Suite 803
San Francisco, California 94111
Telephone: (415) 392-6200
Facsimile: (415) 392-6242

Attorneys for Plaintiff
CHRISTINE EARL

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SOLANO
### UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| CHRISTINE EARL, | Case No.: FCS030332 |
|     Plaintiff, | COMPLAINT FOR DAMAGES FOR AGE |
| vs. | AND DISABILITY DISCRIMINATION |
| VNU USA, INC., | AND FOR TERMINATION IN |
| NIELSEN MEDIA RESEARCH, INC., and | VIOLATION OF PUBLIC POLICY |
| DOES 1 THROUGH 25, | |
|     Defendants. | |

Plaintiff alleges:

1.   Defendant VNU USA, INC. (hereafter "VNU") is a corporation incorporated under the laws of the State of New York, having its principal place of business in the State of New York and is doing business in California. Defendant VNU is an entity subject to suit under the California Fair Employment and Housing Act, Government Code section 12900 et seq. (hereafter, "FEHA"), in that defendant is an employer who regularly employs five or more persons.

2.   Defendant NIELSEN MEDIA RESEARCH, INC. (hereafter "NMR") is a corporation incorporated under the laws of the State of Delaware, having its principal place of business in the State of New York and is doing business in California. Defendant NMR is an entity subject to suit under the California Fair Employment and Housing Act, Government Code section 12900 et seq. (hereafter, "FEHA"), in that defendant is an employer who regularly employs five or more persons.

1

1      3.    Plaintiff CHRISTINE EARL (hereafter "plaintiff") is a 60 year old woman and a

2   resident of the County of Marin, State of California. Plaintiff has the following physical

3   disabilities: peripheral neuropathy, a progressive and painful condition that involves the decay of

4   nerves in plaintiff's feet and makes walking increasingly difficult.

5      4.    A substantial part of the events which give rise to plaintiff's claims occurred in

6   Solano County.

7      5.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as

8   DOES 1 through 25 and therefore sues these defendants by such fictitious names. Plaintiff will

9   amend this complaint to allege their true names and capacities when ascertained. Each of these

10   fictitiously named defendants is responsible in some manner for the occurrences herein alleged,

11   and plaintiff's injuries as herein alleged were proximately caused by the aforementioned

12   defendants.

13      6.    Plaintiff began employment as a membership recruiter with NMR in July 1994. She

14   was terminated on or about January 6, 2007 for allegedly recruiting an incorrect residence.

15   Plaintiff's performance was at all times far better than satisfactory. Indeed in her many years of

16   employment with defendant, she repeatedly received awards for outstanding performance.

17   Younger coworkers who had committed errors more egregious than that which plaintiff allegedly

18   committed were not terminated. Soon after plaintiff's termination she was replaced by a

19   relatively inexperienced woman in her twenties.

20      7.    Several months before her termination, plaintiff informed the company that she was

21   suffering from peripheral neuropathy, a progressive and painful condition that involves the decay

22   of nerves in her feet and makes walking increasingly difficult. At all times mentioned herein,

23   plaintiff was willing and able to perform the duties and functions of her position. At no time

24   would the performance of the functions of the employment position, with a reasonable

25   accommodation for plaintiff's physical disabilities, have been a danger to plaintiff's, or any other

26   person's, health or safety. Accommodation of plaintiff's needs would not have imposed an undue

27   hardship on defendant. At no time did defendant engage plaintiff in the interactive process

28   regarding her physical disabilities.

2

8.  On July 17, 2007, and within one year of the date of discrimination herein alleged, plaintiff filed charges against defendants VNU and NMR with the DFEH.  Copies of said charges are appended hereto, marked "Exhibit A," and are incorporated by this reference as though fully set forth.

9.  On August 7, 2007, the DFEH issued to plaintiff Notices of Case Closure as to each of the charges outlined in Exhibit A to this Complaint.  Copies of said Notices of Case Closure are marked as "Exhibit B" and is incorporated herein by this reference as if fully set forth.

## FIRST CAUSE OF ACTION
### Age Discrimination In Violation Of The FEHA

10.  Plaintiff hereby realleges paragraphs 1 through 9.

11.  Defendants' conduct described above constitutes discrimination on the basis of age in violation of the FEHA in that defendants, among other things, terminated plaintiff's employment for an alleged error and yet did not terminate the employment of younger employees who made similar or more egregious errors.

12.  As a proximate result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of wages, benefits, and additional amounts of money plaintiff would have received if plaintiff had not been terminated.  As a result of such discrimination and consequent harm, plaintiff has suffered damages in an amount according to proof.

13.  As a further proximate result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress.  As a result of such discrimination and consequent harm, plaintiff has suffered damages in an amount according to proof.

14.  The above-cited actions of defendants in subjecting plaintiff to gross discrimination were done with malice, fraud and/or oppression, and in reckless disregard of plaintiff's rights under the FEHA.  Specifically, defendants engaged in the intentional discrimination alleged above and/or ratified said intentional conduct.

3

## SECOND CAUSE OF ACTION
### Disability Discrimination In Violation Of The FEHA

15. Plaintiff hereby realleges paragraphs 1 through 9.

16. Defendants' conduct described above constitutes disability discrimination in violation of the FEHA in that defendants terminated plaintiff's employment on account of her disability or perceived disability, failed to engage in the interactive process and failed to provide plaintiff with reasonable accommodation.

17. As a proximate result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of wages, benefits, and additional amounts of money plaintiff would have received if plaintiff had been accommodated and/or if her employment had not been terminated. As a result of such discrimination and consequent harm, plaintiff has suffered damages in an amount according to proof.

18. As a further proximate result of defendants' discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress. As a result of such discrimination and consequent harm, plaintiff has suffered damages in an amount according to proof.

19. The above-cited actions of defendants in subjecting plaintiff to gross discrimination were done with malice, fraud and/or oppression, and in reckless disregard of plaintiff's rights under the FEHA. Specifically, defendants engaged in the intentional discrimination alleged above and/or ratified said intentional conduct.

## THIRD CAUSE OF ACTION
### Termination In Violation Of Public Policy

20. Plaintiff hereby realleges paragraphs 1 through 9.

21. Plaintiff was terminated because of her age and/or because of her actual or perceived physical disability in violation of the FEHA.

22. Plaintiff's termination was a violation of public policy in that plaintiff had a statutory right to be free from discrimination.

4

Complaint for Damages                                          Case #
03-01 Complaint.doc

23.   As a proximate result of the wrongful termination, plaintiff has been harmed in that plaintiff has suffered the loss of wages, benefits, and additional amounts of money plaintiff would have received if plaintiff had not been subjected to said termination.  As a result of said wrongful termination and consequent harm, plaintiff has suffered damages in an amount according to proof.

24.   As a further proximate result of defendants' wrongful termination of plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish and emotional and physical distress. As a result of such wrongful termination and consequent harm, plaintiff has suffered damages in an amount according to proof.

25.   The above-cited actions of defendants in wrongfully terminating plaintiff were done with malice, fraud and/or oppression and in reckless disregard of plaintiff's rights.

WHEREFORE, plaintiff prays for judgment as follows:

1.   For back pay, front pay, and other monetary relief according to proof;

2.   For general damages according to proof;

3.   For punitive damages in an amount appropriate to punish defendant for its wrongful conduct and set an example for others;

4.   For a decree directing defendant to rehire plaintiff, to engage in the interactive process with her and to provide her reasonable accommodation;

5.   For interest on the sum of damages awarded according to proof;

6.   For reasonable attorney's fees and costs, including expert witness fees, pursuant to Government Code §12965(b);

7.   For costs of suit herein incurred; and

8.   For such other and further relief as the court deems proper.

5

1  Dated October 5, 2007

2                                    KOCHAN & STEPHENSON

3

4

5                                    Deborah Kochan
                                     Attorneys for Plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      6

**\*\*\* EMPLOYMENT \*\*\***

**COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # __E200708 A-0080-00-apc__

DFEH USE ONLY

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (Indicate Mr. or Ms.)
Ms Christine Earl

TELEPHONE NUMBER (INCLUDE AREA CODE)
(415) 392-6200 (K&S)

ADDRESS
260 California Street, Suite 803 (Kochan & Stephenson)

CITY/STATE/ZIP  San Francisco, CA 94111

COUNTY San Francisco    COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY,
APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED
AGAINST ME:

NAME
Nielsen Media Research

TELEPHONE NUMBER (Include Area Code)

ADDRESS
770 Broadway

DFEH USE ONLY

CITY/STATE/ZIP  New York, NY 10003-9595

COUNTY Manhattan    COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)

DATE MOST RECENT OR CONTINUING DISCRIMINATION
TOOK PLACE (month, day, and year)

RESPONDENT CODE

THE PARTICULARS ARE:
On 1/5/07 _____  I was

☑ fired
☐ laid off
☐ demoted
☐ harassed
☐ genetic characteristics testing
☐ forced to quit

☐ denied employment
☐ denied promotion
☐ denied transfer
☐ denied accommodation
☐ impermissible non-job-related inquiry
☐ other (specify)

☐ denied family or medical leave
☐ denied pregnancy leave
☐ denied equal pay
☐ denied right to wear pants
☐ denied pregnancy accommodation

by _____
Name of Person

Job Title (supervisor/manager/personnel director/etc.)

because of my:
☐ sex
☑ age
☐ religion
☐ race/color

☐ national origin/ancestry
☐ marital status
☐ sexual orientation
☐ association

☑ physical disability
☐ mental disability

☐ other (specify)

☐ cancer
☐ genetic characteristic

☐ (Circle one) filing;
protesting; participating in
investigation (retaliation for)

the reason given by _____
Name of Person and Job Title

RECEIVED
JUL 17 2007
BY: SAN FRANCISCO DISTRICT OFFICE

Was because of
[please state
what you
believe to be
reason(s)]

Please see attachment A

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue,
I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged
discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not
process or reopen a complaint once the complaint has been closed on the basis of "Complaint Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information
and belief, and as to those matters I believe it to be true.

Dated  6-21-07

At  Woodacre
City

COMPLAINANT'S SIGNATURE

DATE FILED:  July 17, 2007

DFEH-300-03 (07/01)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

Attachment A

Christine Earl, a 59 year old woman, was employed as a membership recruiter
with Nielsen Media Research. She was terminated on or about January 6, 2007 for
allegedly recruiting an incorrect residence. Ms. Earl's performance was at all times
better than satisfactory and younger coworkers who had committed errors more egregious
than that which Ms. Earl allegedly committed were not terminated. Soon after Ms. Earl's
termination she was replaced by a relatively inexperienced woman in her twenties.
Additionally, several months before her termination, Ms. Earl had informed the company
that she was suffering from peripheral neuropathy, a progressive and painful condition
that involves the decay of nerves in her feet and makes walking increasingly difficult.

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E200708 A-0079-00-apc

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)
Ms Christine Earl

TELEPHONE NUMBER (INCLUDE AREA CODE)
(415) 392-6200 (K&S)

ADDRESS
260 California Street, Suite 803 (Kochan & Stephenson)

CITY/STATE/ZIP
San Francisco, CA 94111

COUNTY San Francisco   COUNTY CODE

**NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:**

NAME
VNU dba Nielsen Media Research

TELEPHONE NUMBER (Include Area Code)

ADDRESS
770 Broadway

DFEH USE ONLY

CITY/STATE/ZIP
New York, NY 10003-9595

COUNTY Manhattan   COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)

RESPONDENT CODE

THE PARTICULARS ARE:
On 1/5/07 I was

- ✓ fired
- ___ laid off
- ___ demoted
- ___ harassed
- ___ genetic characteristics testing
- ___ forced to quit

- ___ denied employment
- ___ denied promotion
- ___ denied transfer
- ___ denied accommodation
- ___ impermissible non-job-related inquiry
- ___ other (specify) _____

- ___ denied family or medical leave
- ___ denied pregnancy leave
- ___ denied equal pay
- ___ denied right to wear pants
- ___ denied pregnancy accommodation

by _____   _____
   Name of Person              Job Title (supervisor/manager/personnel director/etc.)

because of my:
- ___ sex
- ✓ age
- ___ religion
- ___ race/color
- ___ national origin/ancestry
- ___ marital status
- ___ sexual orientation
- ___ association
- ✓ physical disability
- ___ mental disability
- ___ other (specify)
- ___ cancer
- ___ genetic characteristic
- ___ (Circle one) filing; protesting; participating in investigation (retaliation for)

the reason given by _____
                    Name of Person and Job Title

Was because of [please state what you believe to be reason(s)]    Please see attachment A

RECEIVED
JUL 17 2007
BY: SAN FRANCISCO DFEH

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  6-21-07

At Woodacre
   City

COMPLAINANT'S SIGNATURE

DATE FILED:  July 17, 2007

DFEH-300-03 (07/01)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

Attachment A

Christine Earl, a 59 year old woman, was employed as a membership recruiter with Nielsen Media Research. She was terminated on or about January 6, 2007 for allegedly recruiting an incorrect residence. Ms. Earl's performance was at all times better than satisfactory and younger coworkers who had committed errors more egregious than that which Ms. Earl allegedly committed were not terminated. Soon after Ms. Earl's termination she was replaced by a relatively inexperienced woman in her twenties. Additionally, several months before her termination, Ms. Earl had informed the company that she was suffering from peripheral neuropathy, a progressive and painful condition that involves the decay of nerves in her feet and makes walking increasingly difficult.

NOV 07 2007 12:23 FR LEGAL          646 654 4982 TO 919169142326          P.14/21

- STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY    Case 2:08-cv-00050-MCE-CKD    Document 1    Filed 01/08/08    Page 17 of 50    ARNOLD SCHWARZENEGGER, Governor



## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2973 TTY (800) 700-2320 Fax (510) 622-2952
www.dfeh.ca.gov

August 7, 2007

Deborah Kochan
Attorney at Law
Kochan & Stephenson
260 California St., Ste. 803
San Francisco, CA 94111

RE:  E200708A0079-00-apc
     Earl/VNU dba Nielsen Media Research

Dear Deborah Kochan:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective July 17, 2007 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless
the case is still open at the end of the three-year period.

Sincerely,

Herbert Yarbrough
District Administrator


cc:     Case File


EEO
Human Resources
VNU dba Nielsen Media Research
770 Broadway
New York, NY  10003

DFEH-200-43 (06/06)

STATE OF CALIFORNIA—STATE AND CONSUMER SERVICES AGENCY                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2973 TTY (800) 700-2320 Fax (510) 622-2952
www.dfeh.ca.gov



August 7, 2007


Deborah Kochan
Attorney at Law
Kochan & Stephenson
260 California St., Ste. 803
San Francisco, CA 94111

RE:   E200708A0080-00-apc
      Earl/Nielsen Media Research

Dear Deborah Kochan:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective July 17, 2007 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Herbert Yarbrough
District Administrator


cc:    Case File


EEO
Human Resources
Nielsen Media Research
770 Broadway
New York, NY  10003

DFEH-200-43 (06/06)

# EXHIBIT B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
VNU USA, INC., and
NIELSEN MEDIA RESEARCH, INC. and DOES 1 THROUGH 25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHRISTINE BARL

**ENDORSED FILED**
Clerk of the Superior Court

OCT 11 2007

LINDA G. ASHCRAFT
By R. WILSON
DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SOLANO COUNTY SUPERIOR COURT<br>Hall of Justice, 600 Union Ave<br>Fairfield, CA 94533-6369 | CASE NUMBER:<br>*(Número del Caso):*<br>FCS030332 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

KOCHAN & STEPHENSON
260 California Street, Suite 803, San Francisco, CA 94111        (415) 392-6200

| DATE:<br>*(Fecha):* | OCT 11 2007 | Clerk, by<br>*(Secretario)* | R. WILSON<br>LINDA G. ASHCRAFT | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* VNU USA, inc.

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

ASSIGNED TO
JUDGE HARRISON
FOR ALL PURPOSES

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

# EXHIBIT C

1  MATTHEW J. RUGGLES, Bar No. 173052
   ADRIANNE B. SAMMS, Bar No. 238786
2  LITTLER MENDELSON
   A Professional Corporation
3  2520 Venture Oaks Way
   Suite 390
4  Sacramento, CA  95833.4227
   Telephone:   916.830.7200
5  Fax No.:      916.561.0828

6  Attorneys for Defendants
   NIELSEN MEDIA RESEARCH, INC. AND THE
7  NIELSEN COMPANY (US), INC. (erroneously
   sued as VNU USA, INC.)

8

ENDORSED FILED
SOLANO SUPERIOR COURT

07 DEC -5  PM 2: 24

LINDA K. ... CRAFT
B. Kwan
BY _____
DEPUTY CLERK

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF SOLANO                    **BY FAX**

11  CHRISTINE EARL,                    |  Case No.  FCS030332
                                       |
12          Plaintiff,                 |  **DEFENDANTS' ANSWER TO
                                       |  PLAINTIFF'S UNVERIFIED COMPLAINT**
13      v.                             |
                                       |
14  VNU USA, INC., NIELSEN MEDIA       |
    RESEARCH, INC., and DOES 1 through |  Complaint Filed:  October 11, 2007
15  25,                                |
                                       |
16          Defendant.                 |

17

18

19          NIELSEN  MEDIA  RESEARCH,  INC.  AND  THE  NIELSEN  COMPANY  (US),

20  INC. (erroneously sued as VNU USA, INC.) ("Defendants"), answer Plaintiff CHRISTINE EARL'S

21  ("Plaintiff") unverified Complaint pursuant to section 431.30(b) of the California Code of Civil

22  Procedure as follows:

23                            **GENERAL DENIAL**

24          Defendants deny each and every, all and singular, of the allegations contained in

25  Plaintiff's Complaint, conjunctively and disjunctively, and further deny that Plaintiff sustained any

26  damages in the sums alleged, or any other sum, or at all, and further generally and specifically deny

27  that Plaintiff is entitled to any relief whatsoever.

28

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833 4227
916 830 7200

Firmwide:83544650.1 047031.1007

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**Filed By
One Legal**

**AFFIRMATIVE DEFENSES**

Without waiving or excusing the burden of proof of Plaintiff, or admitting that Defendants have any burden of proof, Defendants assert the following affirmative defenses:

1.    FOR AND AS A FIRST, SEPARATE AFFIRMATIVE DEFENSE, Defendants allege that the Complaint and each cause of action set forth therein fail to state sufficient facts to constitute a cause of action against Defendants.

2.    FOR AND AS A SECOND, SEPARATE AFFIRMATIVE DEFENSE, Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, including California Government Code Sections 12960 and 12965(b) and California Code of Civil Procedure Sections 335.1, 338, 339, 340, and 343.

3.    FOR AND AS A THIRD, SEPARATE AFFIRMATIVE DEFENSE, insofar as Plaintiff seeks to recover for alleged violations of the California Fair Employment and Housing Act ("FEHA"), Gov. Code § 12940 et seq., based on alleged incidents occurring prior to one year before the filing of her administrative charge, if any, Plaintiff is not entitled to any relief for any such incidents.

4.    FOR AND AS A FOURTH, SEPARATE AFFIRMATIVE DEFENSE, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of waiver.  Defendants reserve the right to amend their answer upon further investigation and discovery of facts supporting this defense.

5.    FOR AND AS A FIFTH, SEPARATE AFFIRMATIVE DEFENSE, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of consent.  Defendants reserve the right to amend their answer upon further investigation and discovery of facts supporting this defense.

6.    FOR AND AS A SIXTH, SEPARATE AFFIRMATIVE DEFENSE, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein are

LITTLER MENDELSON
A Professional Corporation
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 830 7200

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

barred by the equitable doctrine of estoppel. Defendants reserve the right to amend their answer upon further investigation and discovery of facts supporting this defense.

7.    FOR AND AS A SEVENTH, SEPARATE AFFIRMATIVE DEFENSE, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein are barred by the equitable doctrine of laches. Defendants reserve the right to amend their answer upon further investigation and discovery of facts supporting this defense.

8.    FOR AND AS AN EIGHTH, SEPARATE AFFIRMATIVE DEFENSE, Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that the Complaint and each cause of action set forth therein are barred by the equitable doctrines of unclean hands. Defendants reserve the right to amend their answer upon further investigation and discovery of facts supporting this defense.

9.    FOR AND AS A NINTH, SEPARATE AFFIRMATIVE DEFENSE, Plaintiff is not a qualified person with a disability or a physically handicapped person as those terms are defined by relevant state and federal law, nor is Plaintiff regarded as a qualified person with a disability or physical handicap.

10.    FOR AND AS A TENTH, SEPARATE AFFIRMATIVE DEFENSE, assuming, *arguendo*, that Plaintiff was a qualified individual with a disability and/or was regarded as a qualified individual with a disability (which Defendants deny), Plaintiff was unable to perform the essential duties of her position and/or perform those duties in a manner that would not endanger her health or safety or the health or safety of others, with or without reasonable accommodation.

11.    FOR AND AS AN ELEVENTH, SEPARATE AFFIRMATIVE DEFENSE, assuming, *arguendo*, that Plaintiff was a qualified individual with a disability and/or was regarded as a qualified individual with a disability (which Defendants deny), the accommodation sought by Plaintiff would impose an undue hardship on Defendants.

12.    FOR AND AS A TWELFTH, SEPARATE AFFIRMATIVE DEFENSE, Plaintiff did not possess the *bona fide* occupational qualifications necessary for the position she held.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 830 7200

Firmwide:83544650.1 047031.1007                3.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

13.    FOR AND AS A THIRTEENTH, SEPARATE AFFIRMATIVE DEFENSE, Plaintiff failed to properly and in good faith engage in the interactive process with Defendants regarding any requested "accommodation."

14.    FOR AND AS A FOURTEENTH, SEPARATE AFFIRMATIVE DEFENSE, Plaintiff was not denied reasonable accommodation.

15.    FOR AND AS A FIFTEENTH, SEPARATE AFFIRMATIVE DEFENSE, even assuming, *arguendo*, that the actions alleged in Plaintiff's Complaint occurred (which Defendants deny), such actions were not motivated by Plaintiff's alleged disability/medical condition.

16.    FOR AND AS A SIXTEENTH, SEPARATE AFFIRMATIVE DEFENSE, Defendants allege that Defendants had suitable anti-harassment/discrimination policies in effect at all times material to the allegations in Plaintiff's Complaint, and that Plaintiff's claims, in whole or in part, are barred by her unreasonable failure to take advantage of preventive and corrective opportunities provided to employees by Defendants, including but not limited to Defendants' anti-harassment/discrimination policies, and to otherwise avoid harm.

17.    FOR AND AS A SEVENTEENTH, SEPARATE AFFIRMATIVE DEFENSE, Defendants alleges that, to the extent Plaintiff seeks recovery for her alleged emotional and/or physical damages, such claims and damages are preempted by Plaintiff's exclusive remedy pursuant to the California Workers' Compensation Act, California Labor Code section 3600 *et seq.*

18.    FOR AND AS AN EIGHTEENTH, SEPARATE AFFIRMATIVE DEFENSE, Defendants allege that if Plaintiff is judged to be entitled to any recovery based on her Complaint, Defendants are entitled to a set-off for each of the following, respectively and separately: damages paid to Plaintiff by order of a Court or by order of the California Workers' Compensation Appeals Board, on related claims, if any; monies paid to Plaintiff in settlement of related claims, if any; State Disability payments to Plaintiff for related claims, if any; federal social security benefits paid to Plaintiff for related reasons, if any; State unemployment compensation paid to Plaintiff for related reasons, if any.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916.830.7200

Firmwide:83544650.1 047031.1007                    4.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

19.    FOR AND AS A NINETEENTH, SEPARATE AFFIRMATIVE DEFENSE, Plaintiff is barred from recovery, in whole or in part, by virtue of her failure to mitigate her alleged damages.

20.    FOR AND AS A TWENTIETH, SEPARATE AFFIRMATIVE DEFENSE, Defendants allege that any harm or damage allegedly suffered by Plaintiff was caused by her own intentional and/or negligent acts and/or omissions.

21.    FOR AND AS A TWENTY-FIRST, SEPARATE AFFIRMATIVE DEFENSE, Defendants allege that if Plaintiff has suffered any emotional distress (and Defendants deny that Plaintiff has suffered any such distress), such emotional distress was proximately caused by factors other than Plaintiff's employment and/or the actions of Defendants or anyone acting on Defendants' behalf.

22.    FOR AND AS A TWENTY-SECOND, SEPARATE AFFIRMATIVE DEFENSE, Defendants allege that if Plaintiff suffered any emotional distress as a result of any conduct undertaken by Defendants, or anyone acting on Defendants' behalf (which Defendants deny), such conduct was beyond the course and scope of said agent's employment with Defendants, and specifically contrary and in disregard of Defendants' interest.

23.    FOR AND AS A TWENTY-THIRD, SEPARATE AFFIRMATIVE DEFENSE, Defendants allege that if Plaintiff suffered any emotional distress (which Defendants deny), it was not the intent of Defendants, or any person acting on Defendants' behalf, to inflict such emotional distress on Plaintiff.

24.    FOR AND AS A TWENTY-FOURTH, SEPARATE AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff is precluded from recovering punitive damages from Defendants, either in whole or in part, under the applicable provisions of California Civil Code section 3294, or such other statutes of similar effect that may be applicable.

25.    FOR AND AS A TWENTY-FIFTH, SEPARATE AFFIRMATIVE DEFENSE, Defendants allege that any requirement that permits the imposition of punitive or exemplary damages which are in effect criminal penalties, upon proof of a standard less than a standard "beyond a reasonable doubt," or which denies to Defendants the right given to Defendants

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916 830 7200

Firmwide:83544650.1 047031.1007                    5.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    in criminal proceedings, violates Defendants' rights under the First, Fifth, Sixth, Eighth and

2    Fourteenth Amendments of the United States Constitution and under the Constitution of the State of

3    California.

4         26.    FOR AND, AS A TWENTY-SIXTH, SEPARATE AFFIRMATIVE

5    DEFENSE, Defendants allege that at no time did Defendants act maliciously, oppressively,

6    fraudulently, wantonly, with any bad faith toward Plaintiff or with conscious or reckless disregard of

7    Plaintiff's rights, or authorize, consent to or ratify any malicious, oppressive or fraudulent conduct of

8    any employee or agent of Defendants toward Plaintiff.

9         27.    FOR AND AS A TWENTY-SEVENTH, SEPARATE AFFIRMATIVE

10   DEFENSE, Defendants allege that Defendants are not vicariously liable for any act or omission of

11   any other person, by way of *respondeat superior*, agency or otherwise.

12        28.    FOR AND AS A TWENTY-EIGHTH, SEPARATE AFFIRMATIVE

13   DEFENSE, Defendants allege that Plaintiff was never employed by VNU USA, Inc. and that

14   effective January 2007, the company formerly known as VNU USA, Inc. is known as "THE

15   NIELSEN COMPANY (US), INC."

16        29.    FOR AND, AS A TWENTY-NINTH, SEPARATE AFFIRMATIVE

17   DEFENSE, Defendants allege that to the extent Defendants were aware of wrongful conduct, if any

18   (which Defendants deny), Defendants exercised reasonable care to prevent and promptly correct

19   such conduct.

20        30.    FOR AND AS A THIRTIETH, SEPARATE AFFIRMATIVE DEFENSE,

21   Plaintiff's claims are barred in whole or in part because Plaintiff is an at-will employee within the

22   meaning of California Labor Code Section 2922.

23        31.    FOR AND AS A THIRTY-FIRST, SEPARATE AFFIRMATIVE DEFENSE,

24   Defendants allege that Plaintiff has violated California Labor Code Section 2856, in that Plaintiff did

25   not substantially comply with the directions of her employer in carrying out the duties of her

26   employment regarding services in which Plaintiff was engaged.

27        32.    FOR AND AS A THIRTY-SECOND, SEPARATE AFFIRMATIVE

28   DEFENSE, Defendants allege that Plaintiff has violated California Labor Code Section 2854, in that

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833 4227
916.830.7200

Firmwide:83544650.1 047031.1007                    6.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    Plaintiff failed to use ordinary care and diligence in the performance of her duties.

2           33.    FOR AND AS A THIRTY-THIRD, SEPARATE AFFIRMATIVE

3    DEFENSE, Defendants allege that its conduct towards Plaintiff was fully justified based upon

4    Defendants' judgment of differences in individual performance, qualifications, skill, effort,

5    responsibility, merit or other *bona fide* occupational qualifications.

6           34.    FOR AND AS A THIRTY-FOURTH, SEPARATE AFFIRMATIVE

7    DEFENSE, Defendants allege that, at all times, all actions taken with regard to Plaintiff, if any

8    actions were taken with regard to Plaintiff, were just, fair, honest, in good faith, privileged, without

9    discrimination or retaliation, based on legitimate business reasons and based upon all relevant facts

10    and circumstances known by Defendants at the time of action.

11           35.    FOR AND AS A THIRTY-FIFTH, SEPARATE AFFIRMATIVE DEFENSE,

12    Defendants allege that, assuming any employee of Defendants engaged in any unlawful conduct

13    toward Plaintiff (which Defendants deny), Defendants neither knew nor reasonably should have

14    known of said unlawful conduct.

15           36.    FOR AND AS A THIRTY-SIXTH, SEPARATE AFFIRMATIVE DEFENSE,

16    any after-acquired evidence of Plaintiff's misconduct bars her from any remedy or certain remedies.

17           37.    FOR AND AS A THIRTY-SEVENTH, SEPARATE AFFIRMATIVE

18    DEFENSE, Defendants allege that any recovery Plaintiff may be entitled to herein should be offset

19    and/or reduced by the proportionate amount of Plaintiff's negligence, fault, bad faith, breach of

20    common law duties and violation of statutory duties, including any offset or deduction, with respect

21    to Plaintiff's claimed damages and with respect to alleged damages caused by Defendants.

22           38.    FOR AND AS A THIRTY-EIGHTH, SEPARATE AFFIRMATIVE

23    DEFENSE, Defendants allege that the Complaint does not describe the claims or facts with

24    sufficient particularity to permit Defendant to ascertain what other defenses may exist. Defendants

25    will rely on any and all further defenses that become available or appear during discovery in this

26    action and specifically reserves the right to amend this Answer for the purposes of asserting such

27    additional defenses.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833 4227
916.830.7200

Firmwide:83544650.1 047031.1007          7.

**PRAYER**

WHEREFORE, Defendants pray as follows:

    1.    That Plaintiff take nothing by her Complaint;

    2.    That Plaintiff's Complaint be dismissed in its entirety with prejudice, with judgment entered against Plaintiff and in favor of Defendants;

    3.    That Plaintiff be ordered to pay Defendants' attorney's fees and costs of suit incurred herein; and

    4.    For such other and further relief as the Court deems just and proper.

Dated: December 5, 2007

ADRIANNE B. SAMMS
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
NIELSEN MEDIA RESEARCH, INC. AND
THE NIELSEN COMPANY (US), INC.
(ERRONEOUSLY SUED AS VNU USA,
INC.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833.4227
916.830.7200

Firmwide:83544650.1 047031.1007

8.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**PROOF OF SERVICE BY MAIL**

I am employed in Sacramento County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 2520 Venture Oaks Way, Suite 390, Sacramento, California  95833.4227.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  On December 5, 2007, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANTS' VNU USA, INC. AND NIELSEN MEDIA RESEARCH, INC. ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

in a sealed envelope, postage fully paid, addressed as follows:

Deborah Kochan
Mathew Stephenson
Kochan & Stephenson
260 California Street, Ste. 803
San Francisco, CA 94111

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 5, 2007, at Sacramento, California.

_Lauren Michel_
Lauren Michel

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

Firmwide:83544650.1 047031.1007

PROOF OF SERVICE

# EXHIBIT D

DISC-002

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
MATTHEW J. RUGGLES 173052
ADRIANNE B. SAMMS 238786
LITTLER MENDELSON, A PROFESSIONAL CORPORATION
2520 VENTURE OAKS WAY, SUITE 390, SACRAMENTO, CA 95833
TELEPHONE NO.: 916.830.7200      FAX NO. (Optional): 916.561.0828
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Defendants VNU USA, INC. and NIELSEN MEDIA RESEARCH, INC.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SOLANO**
600 UNION AVENUE
FAIRFIELD, CA 94533

SHORT TITLE:
EARL v. VNU USA, INC., et al.

| FORM INTERROGATORIES – EMPLOYMENT LAW | CASE NUMBER: |
|---|---|
| Asking Party: VNU USA, INC. and NIELSEN MEDIA RESEARCH<br>Answering Party: CHRISTINE EARL<br>Set No.: ONE | FCS030332 |

## Sec. 1. Instructions to All Parties

(a) Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in employment cases.

(b) For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c) These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

## Sec. 2. Instructions to the Asking Party

(a) These form interrogatories are designed for optional use by parties in employment cases. (Separate sets of interrogatories, *Form Interrogatories—General* (form DISC-001) and *Form Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004) may also be used where applicable in employment cases.)

(b) Insert the names of the **EMPLOYEE** and **EMPLOYER** to whom these interrogatories apply in the definitions in sections 4(d) and (e) below.

(c) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(d) The interrogatories in section 211.0, Loss of Income Interrogatories to Employer, should not be used until the employer has had a reasonable opportunity to conduct an investigation or discovery of the employee's injuries and damages.

(e) Additional interrogatories may be attached.

## Sec. 3. Instructions to the Answering Party

(a) You must answer or provide another appropriate response to each interrogatory that has been checked below.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____    _____
(DATE)                                    (SIGNATURE)

## Sec. 4. Definitions
Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

Form Approved for Optional Use
Judicial Council of California
DISC-002 [Rev. January 1, 2007]

**FORM INTERROGATORIES—EMPLOYMENT LAW**

Code of Civil Procedure,
§§ 2030.010–2030.410, 2033.710
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

(b) **YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c) **EMPLOYMENT** means a relationship in which an **EMPLOYEE** provides services requested by or on behalf of an **EMPLOYER**, other than an independent contractor relationship.

(d) **EMPLOYEE** means a **PERSON** who provides services in an **EMPLOYMENT** relationship and who is a party to this lawsuit. For purposes of these interrogatories, **EMPLOYEE** refers to *(insert name):* Christine Earl

*(If no name is inserted, EMPLOYEE means all such PERSONS.)*

(e) **EMPLOYER** means a **PERSON** who employs an **EMPLOYEE** to provide services in an **EMPLOYMENT** relationship and who is a party to this lawsuit. For purposes of these interrogatories, **EMPLOYER** refers to *(insert name):* VNU Usa, Inc. and Nielsen Media Research, Inc.

*(If no name is inserted, EMPLOYER means all such PERSONS.)*

(f) **ADVERSE EMPLOYMENT ACTION** means any **TERMINATION**, suspension, demotion, reprimand, loss of pay, failure or refusal to hire, failure or refusal to promote, or other action or failure to act that adversely affects the **EMPLOYEE'S** rights or interests and which is alleged in the **PLEADINGS**.

(g) **TERMINATION** means the actual or constructive termination of employment and includes a discharge, firing, layoff, resignation, or completion of the term of the employment agreement.

(h) **PUBLISH** means to communicate orally or in writing to anyone other than the plaintiff. This includes communications by one of the defendant's employees to others. *(Kelly v. General Telephone Co.* (1982) 136 Cal.App.3d 278, 284.)

(i) **PLEADINGS** means the original or most recent amended version of any complaint, answer, cross-complaint, or answer to cross-complaint.

(j) **BENEFIT** means any benefit from an **EMPLOYER,** including an "employee welfare benefit plan" or employee pension benefit plan" within the meaning of Title 29 United States Code section 1002(1) or (2) or ERISA.

(k) **HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

(l) **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(m) **ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories for employment law cases have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

CONTENTS

200.0  Contract Formation
201.0  Adverse Employment Action
202.0  Discrimination Interrogatories to Employee
203.0  Harassment Interrogatories to Employee
204.0  Disability Discrimination
205.0  Discharge in Violation of Public Policy
206.0  Defamation
207.0  Internal Complaints
208.0  Governmental Complaints
209.0  Other Employment Claims by Employee or Against Employer
210.0  Loss of income Interrogatories to Employee
211.0  Loss of income Interrogatories to Employer
212.0  Physical, Mental, or Emotional Injuries—Interrogatories to Employee
213.0  Other Damages Interrogatories to Employee
214.0  Insurance
215.0  Investigation
216.0  Denials and Special or Affirmative Defenses
217.0  Response to Request for Admissions

**200.0  Contract Formation**

☒  **200.1** Do you contend that the **EMPLOYMENT** relationship was at "at will"? If so:
 (a)  state all facts upon which you base this contention;
 (b)  state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of those facts; and
 (c)  identify all **DOCUMENTS** that support your contention.

☒  **200.2** Do you contend that the **EMPLOYMENT** relationship was not "at will"? If so:
 (a)  state all facts upon which you base this contention;
 (b)  state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of those facts; and
 (c)  identify all **DOCUMENTS** that support your contention.

☒  **200.3** Do you contend that the **EMPLOYMENT** relationship was governed by any agreement—written, oral, or implied? If so:
 (a)  state all facts upon which you base this contention;
 (b)  state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of those facts; and
 (c)  identify all **DOCUMENTS** that support your contention.

American LegalNet, Inc.
www.FormsWorkflow.com

☒ 200.4  Was any part of the parties' **EMPLOYMENT** relationship governed in whole or in part by any written rules, guidelines, policies, or procedures established by the **EMPLOYER**? If so, for each **DOCUMENT** containing the written rules, guidelines, policies, or procedures:

(a)  state the date and title of the **DOCUMENT** and a general description of its contents;

(b)  state the manner in which the **DOCUMENT** was communicated to employees; and

(c)  state the manner, if any, in which employees acknowledged either receipt of the **DOCUMENT** or knowledge of its contents.

☒ 200.5  Was any part of the parties' **EMPLOYMENT** relationship covered by one or more collective bargaining agreements or memorandums of understanding between the **EMPLOYER** (or an association of employers) and any labor union or employee association? If so, for each collective bargaining agreement or memorandum of understanding, state:

(a)  the names and **ADDRESSES** of the parties to the collective bargaining agreement or memorandum of understanding;

(b)  the beginning and ending dates, if applicable, of the collective bargaining agreement or memorandum of understanding; and

(c)  which parts of the collective bargaining agreement or memorandum of understanding, if any, govern (1) any dispute or claim referred to in the **PLEADINGS** and (2) the rules or procedures for resolving any dispute or claim referred to in the **PLEADINGS**.

☒ 200.6  Do you contend that the **EMPLOYEE** and the **EMPLOYER** were in a business relationship other than an **EMPLOYMENT** relationship? If so, for each relationship:

(a)  state the names of the parties to the relationship;

(b)  identify the relationship; and

(c)  state all facts upon which you base your contention that the parties were in a relationship other than an **EMPLOYMENT** relationship.

## 201.0  Adverse Employment Action

☐ 201.1  Was the **EMPLOYEE** involved in a **TERMINATION**? If so:

(a)  state all reasons for the **EMPLOYEE'S TERMINATION**;

(b)  state the name, **ADDRESS**, and telephone number of each **PERSON** who participated in the **TERMINATION** decision;

(c)  state the name, **ADDRESS**, and telephone number of each **PERSON** who provided any information relied upon in the **TERMINATION** decision; and

(d)  identify all **DOCUMENTS** relied upon in the **TERMINATION** decision.

☐ 201.2  Are there any facts that would support the **EMPLOYEE'S TERMINATION** that were first discovered after the **TERMINATION**? If so:

(a)  state the specific facts;

(b)  state when and how **EMPLOYER** first learned of each specific fact;

(c)  state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of the specific facts; and

(d)  identify all **DOCUMENTS** that evidence these specific facts.

☐ 201.3  Were there any other **ADVERSE EMPLOYMENT ACTIONS,** including *(the asking party should list the **ADVERSE EMPLOYMENT ACTIONS**):*

If so, for each action, provide the following:

(a)  all reasons for each **ADVERSE EMPLOYMENT ACTION**;

(b)  the name, **ADDRESS**, and telephone number of each **PERSON** who participated in making each **ADVERSE EMPLOYMENT ACTION** decision;

(c)  the name, **ADDRESS**, and telephone number of each **PERSON** who provided any information relied upon in making each **ADVERSE EMPLOYMENT ACTION** decision; and

(d)  the identity of all **DOCUMENTS** relied upon in making each **ADVERSE EMPLOYMENT ACTION** decision.

☐ 201.4  Was the **TERMINATION** or any other **ADVERSE EMPLOYMENT ACTIONS** referred to in Interrogatories 201.1 through 201.3 based in whole or in part on the **EMPLOYEE'S** job performance? If so, for each action:

(a)  identify the **ADVERSE EMPLOYMENT ACTION**;

(b)  identify the **EMPLOYEE'S** specific job performance that played a role in that **ADVERSE EMPLOYMENT ACTION**;

(c)  identify any rules, guidelines, policies, or procedures that were used to evaluate the **EMPLOYEE'S** specific job performance;

(d)  state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who had responsibility for evaluating the specific job performance of the **EMPLOYEE**;

(e)  state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the **EMPLOYEE'S** specific job performance that played a role in that **ADVERSE EMPLOYMENT ACTION**; and

(f)  describe all warnings given with respect to the **EMPLOYEE'S** specific job performance.

American LegalNet, Inc.
www.FormsWorkflow.com

☐ 201.5  Was any **PERSON** hired to replace the **EMPLOYEE** after the **EMPLOYEE'S TERMINATION** or demotion? If so, state the **PERSON'S** name, job title, qualifications, **ADDRESS** and telephone number, and the date the **PERSON** was hired.

☐ 201.6  Has any **PERSON** performed any of the **EMPLOYEE'S** former job duties after the **EMPLOYEE'S TERMINATION** or demotion? If so:
(a)  state the **PERSON'S** name, job title, **ADDRESS,** and telephone number;
(b)  identify the duties; and
(c)  state the date on which the **PERSON** started to perform the duties.

☐ 201.7  If the **ADVERSE EMPLOYMENT ACTION** involved the failure or refusal to select the **EMPLOYEE** (for example, for hire, promotion, transfer, or training), was any other **PERSON** selected instead? If so, for each **ADVERSE EMPLOYMENT ACTION**, state the name, **ADDRESS**, and telephone number of each **PERSON** selected; the date the **PERSON** was selected; and the reason the **PERSON** was selected instead of the **EMPLOYEE**.

## 202.0    Discrimination—Interrogatories to Employee

☒ 202.1  Do you contend that any **ADVERSE EMPLOYMENT ACTIONS** against you were discriminatory? If so:
(a)  identify each **ADVERSE EMPLOYMENT ACTION** that involved unlawful discrimination;
(b)  identify each characteristic (for example, gender, race, age, etc.) on which you base your claim or claims of discrimination;
(c)  state all facts upon which you base each claim of discrimination;
(d)  state the name, **ADDRESS,** and telephone number of each **PERSON** with knowledge of those facts; and
(e)  identify all **DOCUMENTS** evidencing those facts.

☒ 202.2  State all facts upon which you base your contention that you were qualified to perform any job which you contend was denied to you on account of unlawful discrimination.

## 203.0    Harassment—Interrogatories to Employee

☒ 203.1  Do you contend that you were unlawfully harassed in your employment? If so:
(a)  state the name, **ADDRESS,** telephone number, and employment position of each **PERSON** whom you contend harassed you;
(b)  for each **PERSON** whom you contend harassed you, describe the harassment;

(c)  identify each characteristic (for example, gender, race, age, etc.) on which you base your claim of harassment;
(d)  state all facts upon which you base your contention that you were unlawfully harassed;
(e)  state the name, **ADDRESS**, and telephone number of each **PERSON** with knowledge of those facts; and
(f)  identify all **DOCUMENTS** evidencing those facts.

## 204.0    Disability Discrimination

☒ 204.1  Name and describe each disability alleged in the **PLEADINGS**.

☒ 204.2  Does the **EMPLOYEE** allege any injury or illness that arose out of or in the course of **EMPLOYMENT**? If so, state:
(a)  the nature of such injury or illness;
(b)  how such injury or illness occurred;
(c)  the date on which such injury or illness occurred;
(d)  whether **EMPLOYEE** has filed a workers' compensation claim. If so, state the date and outcome of the claim; and
(e)  whether **EMPLOYEE** has filed or applied for disability benefits of any type. If so, state the date, identify the nature of the benefits applied for, and the outcome of any such application.

☒ 204.3  Were there any communications between the **EMPLOYEE** (or the **EMPLOYEE'S HEALTH CARE PROVIDER**) and the **EMPLOYER** about the type or extent of any disability of **EMPLOYEE**? If so:
(a)  state the name, **ADDRESS**, and telephone number of each person who made or received the communications;
(b)  state the name, **ADDRESS**, and telephone number of each **PERSON** who witnessed the communications;
(c)  describe the date and substance of the communications; and
(d)  identify each **DOCUMENT** that refers to the communications.

☒ 204.4  Did the **EMPLOYER** have any information about the type, existence, or extent of any disability of **EMPLOYEE** other than from communications with the **EMPLOYEE** or the **EMPLOYEE'S HEALTH CARE PROVIDER**? If so, state the sources and substance of that information and the name, **ADDRESS,** and telephone number of each **PERSON** who provided or received the information.

☒ 204.5  Did the **EMPLOYEE** need any accommodation to perform any function of the **EMPLOYEE'S** job position or need a transfer to another position as an accommodation? If so, describe the accommodations needed.

American LegalNet, Inc.
www.FormsWorkflow.com

☒ 204.6  Were there any communications between the **EMPLOYEE** (or the **EMPLOYEE'S HEALTH CARE PROVIDER**) and the **EMPLOYER** about any possible accommodation of **EMPLOYEE**? If so, for each communication:

    (a)    state the name, **ADDRESS**, and telephone number of each **PERSON** who made or received the communication;

    (b)    state the name, **ADDRESS**, and telephone number of each **PERSON** who witnessed the communication;

    (c)    describe the date and substance of the communication; and

    (d)    identify each **DOCUMENT** that refers to the communication.

☒ 204.7  What did the **EMPLOYER** consider doing to accommodate the **EMPLOYEE**? For each accommodation considered:

    (a)    describe the accommodation considered;

    (b)    state whether the accommodation was offered to the **EMPLOYEE**;

    (c)    state the **EMPLOYEE'S** response; or

    (d)    if the accommodation was not offered, state all the reasons why this decision was made;

    (e)    state the name, **ADDRESS**, and telephone number of each **PERSON** who on behalf of **EMPLOYER** made any decision about what accommodations, if any, to make for the **EMPLOYEE**; and

    (f)    state the name, **ADDRESS**, and telephone number of each **PERSON** who on behalf of the **EMPLOYER** made or received any communications about what accommodations, if any, to make for the **EMPLOYEE**.

**205.0  Discharge in Violation of Public Policy**

☒ 205.1  Do you contend that the **EMPLOYER** took any **ADVERSE EMPLOYMENT ACTION** against you in violation of public policy? If so:

    (a)    identify the constitutional provision, statute, regulation, or other source of the public policy that you contend was violated; and

    (b)    state all facts upon which you base your contention that the **EMPLOYER** violated public policy.

**206.0  Defamation**

☐ 206.1  Did the **EMPLOYER'S** agents or employees **PUBLISH** any of the allegedly defamatory statements identified in the **PLEADINGS**? If so, for each statement:

    (a)    identify the PUBLISHED statement;

    (b)    state the name, ADDRESS, telephone number, and job title of each person who **PUBLISHED** the statement;

    (c)    state the name, **ADDRESS**, and telephone number of each person to whom the statement was **PUBLISHED**;

    (d)    state whether, at the time the statement was PUBLISHED, the **PERSON** who PUBLISHED the statement believed it to be true; and

    (e)    state all facts upon which the **PERSON** who published the statement based the belief that it was true.

☒ 206.2  State the name and **ADDRESS** of each agent or employee of the **EMPLOYER** who responded to any inquiries regarding the **EMPLOYEE** after the **EMPLOYEE'S TERMINATION**.

☒ 206.3  State the name and **ADDRESS** of the recipient and the substance of each post-**TERMINATION** statement PUBLISHED about **EMPLOYEE** by any agent or employee of **EMPLOYER**.

**207.0  Internal Complaints**

☒ 207.1  Were there any internal written policies or regulations of the **EMPLOYER** that apply to the making of a complaint of the type that is the subject matter of this lawsuit? If so:

    (a)    state the title and date of each **DOCUMENT** containing the policies or regulations and a general description of the **DOCUMENT'S** contents;

    (b)    state the manner in which the **DOCUMENT** was communicated to **EMPLOYEES**;

    (c)    state the manner, if any, in which **EMPLOYEES** acknowledged receipt of the **DOCUMENT** or knowledge of its contents, or both;

    (d)    state, if you contend that the **EMPLOYEE** failed to use any available internal complaint procedures, all facts that support that contention; and

    (e)    state, if you contend that the **EMPLOYEE'S** failure to use internal complaint procedures was excused, all facts why the **EMPLOYEE'S** use of the procedures was excused.

☒ 207.2  Did the **EMPLOYEE** complain to the **EMPLOYER** about any of the unlawful conduct alleged in the **PLEADINGS**? If so, for each complaint:

    (a)    state the date of the complaint;

    (b)    state the nature of the complaint;

    (c)    state the name and **ADDRESS** of each **PERSON** to whom the complaint was made;

    (d)    state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who investigated the complaint;

    (e)    state the name, **ADDRESS**, telephone number, and job title of each **PERSON** who participated in making decisions about how to conduct the investigation;

American LegalNet, Inc.
www.FormsWorkflow.com

(f)   state the name, **ADDRESS,** telephone number, and job title of each **PERSON** who was interviewed or who provided an oral or written statement as part of the investigation of the complaint;

(g)   state the nature and date of any action taken in response to the complaint;

(h)   state whether the **EMPLOYEE** who made the complaint was made aware of the actions taken by the **EMPLOYER** in response to the complaint, and, if so, state how and when;

(i)   identify all **DOCUMENTS** relating to the complaint, the investigation, and any action taken in response to the complaint; and

(j)   state the name, **ADDRESS,** and telephone number of each **PERSON** who has knowledge of the **EMPLOYEE'S** complaint or the **EMPLOYER'S** response to the complaint.

**208.0   Governmental Complaints**

☒   208.1   Did the **EMPLOYEE** file a claim, complaint, or charge with any governmental agency that involved any of the material allegations made in the **PLEADINGS?** If so, for each claim, complaint, or charge:

(a)   state the date on which it was filed;

(b)   state the name and **ADDRESS** of the agency with which it was filed;

(c)   state the number assigned to the claim, complaint, or charge by the agency;

(d)   state the nature of each claim, complaint, or charge made;

(e)   state the date on which the **EMPLOYER** was notified of the claim, complaint, or charge;

(f)   state the name, **ADDRESS,** and telephone number of all **PERSONS** within the governmental agency with whom the **EMPLOYER** has had any contact or communication regarding the claim, complaint, or charge;

(g)   state whether a right to sue notice was issued and, if so, when; and

(h)   state whether any findings or conclusions regarding the complaint or charge have been made, and, if so, the date and description of the agency's findings or conclusions.

☐   208.2   Did the **EMPLOYER** respond to any claim, complaint, or charge identified in Interrogatory 208.1? If so, for each claim, complaint, or charge:

(a)   state the nature and date of any investigation done or any other action taken by the **EMPLOYER** in response to the claim, complaint, or charge:

(b)   state the name, **ADDRESS,** telephone number, and job title of each person who investigated the claim, complaint, or charge;

(c)   state the name, **ADDRESS,** telephone number, and job title of each **PERSON** who participated in making decisions about how to conduct the investigation; and

(d)   state the name, **ADDRESS,** telephone number, and job title of each **PERSON** who was interviewed or who provided an oral or written statement as part of the investigation.

**209.0   Other Employment Claims by Employee or Against Employer**

☒   209.1   Except for this action, in the past 10 years has the **EMPLOYEE** filed a civil action against any employer regarding the **EMPLOYEE'S** employment? If so, for each civil action:

(a)   state the name, **ADDRESS,** and telephone number of each employer against whom the action was filed;

(b)   state the court, names of the parties, and case number of the civil action;

(c)   state the name, **ADDRESS,** and telephone number of any attorney representing the **EMPLOYEE;** and

(d)   state whether the action has been resolved or is pending.

☐   209.2   Except for this action, in the past 10 years has any employee filed a civil action against the **EMPLOYER** regarding his or her employment? If so, for each civil action:

(a)   state the name, **ADDRESS,** and telephone number of each employee who filed the action;

(b)   state the court, names of the parties, and case number of the civil action;

(c)   state the name, **ADDRESS,** and telephone number of any attorney representing the **EMPLOYER;** and

(d)   state whether the action has been resolved or is pending.

**210.0   Loss of Income—Interrogatories to Employee**

☒   210.1   Do you attribute any loss of income, benefits, or earning capacity to any **ADVERSE EMPLOYMENT ACTION?** *(If your answer is "no," do not answer Interrogatories 210.2 through 210.6.)*

☒   210.2   State the total amount of income, benefits, or earning capacity you have lost to date and how the amount was calculated.

☒   210.3   Will you lose income, benefits, or earning capacity in the future as a result of any **ADVERSE EMPLOYMENT ACTION?** If so, state the total amount of income, benefits, or earning capacity you expect to lose, and how the amount was calculated.

☒   210.4   Have you attempted to minimize the amount of your lost income? If so, describe how; if not, explain why not.

American LegalNet, Inc.
www.FormsWorkflow.com

☒ 210.5  Have you purchased any benefits to replace any benefits to which you would have been entitled if the **ADVERSE EMPLOYMENT ACTION** had not occurred? If so, state the cost for each benefit purchased.

☒ 210.6  Have you obtained other employment since any **ADVERSE EMPLOYMENT ACTION**? If so, for each new employment:

(a)   state when the new employment commenced;

(b)   state the hourly rate or monthly salary for the new employment; and

(c)   state the benefits available from the new employment.

**211.0   Loss of Income—Interrogatories to Employer**
*[See instruction 2(d).]*

☐ 211.1  Identify each type of **BENEFIT** to which the **EMPLOYEE** would have been entitled, from the date of the **ADVERSE EMPLOYMENT ACTION** to the present, if the **ADVERSE EMPLOYMENT ACTION** had not happened and the **EMPLOYEE** had remained in the same job position. For each type of benefit, state the amount the **EMPLOYER** would have paid to provide the benefit for the **EMPLOYEE** during this time period and the value of the **BENEFIT** to the **EMPLOYEE**.

☐ 211.2  Do you contend that the **EMPLOYEE** has not made reasonable efforts to minimize the amount of the **EMPLOYEE'S** lost income? If so:

(a)   describe what more **EMPLOYEE** should have done;

(b)   state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts that support your contention; and

(c)   identify all **DOCUMENTS** that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

☐ 211.3  Do you contend that any of the lost income claimed by the **EMPLOYEE**, as disclosed in discovery thus far in this case, is unreasonable or was not caused by the **ADVERSE EMPLOYMENT ACTION**? If so:

(a)   state the amount of claimed lost income that you dispute;

(b)   state all facts upon which you base your contention;

(c)   state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d)   identify all **DOCUMENTS** that support your contention and state the name, **ADDRESS,** and telephone number of the PERSON who has each **DOCUMENT.**

**212.0   Physical, Mental, or Emotional Injuries— Interrogatories to Employee**

☒ 212.1  Do you attribute any physical, mental, or emotional injuries to the **ADVERSE EMPLOYMENT ACTION**? *(If your answer is "no," do not answer Interrogatories 212.2 through 212.7.)*

☒ 212.2  Identify each physical, mental, or emotional injury that you attribute to the **ADVERSE EMPLOYMENT ACTION** and the area of your body affected.

☒ 212.3  Do you still have any complaints of physical, mental, or emotional injuries that you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each complaint state:

(a)   a description of the injury;

(b)   whether the complaint is subsiding, remaining the same, or becoming worse; and

(c)   the frequency and duration.

☒ 212.4  Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure section 2034) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each **HEALTH CARE PROVIDER** state:

(a)   the name, **ADDRESS,** and telephone number;

(b)   the type of consultation, examination, or treatment provided;

(c)   the dates you received consultation, examination, or treatment; and

(d)   the charges to date.

☒ 212.5  Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **ADVERSE EMPLOYMENT ACTION**? If so, for each medication state:

(a)   the name of the medication;

(b)   the name, **ADDRESS** and telephone number of the **PERSON** who prescribed or furnished it;

(c)   the date prescribed or furnished;

(d)   the dates you began and stopped taking it; and

(e)   the cost to date.

☒ 212.6  Are there any other medical services not previously listed in response to interrogatory 212.4 (for example, ambulance, nursing, prosthetics) that you received for injuries attributed to the **ADVERSE EMPLOYMENT ACTION**? If so, for each service state:

(a)   the nature;

(b)   the date;

(c)   the cost; and

(d)   the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER.**

**FORM INTERROGATORIES–EMPLOYMENT LAW**

American LegalNet, Inc.
www.FormsWorkflow.com

212.7 Has any HEALTH CARE PROVIDER advised that you may require future or additional treatment for any injuries that you attribute to the **ADVERSE EMPLOYMENT ACTION?** If so, for each injury state:

(a) the name and **ADDRESS** of each **HEALTH CARE PROVIDER**;

(b) the complaints for which the treatment was advised; and

(c) the nature, duration, and estimated cost of the treatment.

## 213.0 Other Damages—Interrogatories to Employee

☒ 213.1 Are there any other damages that you attribute to the **ADVERSE EMPLOYMENT ACTION?** If so, for each item of damage state:

(a) the nature;

(b) the date it occurred;

(c) the amount; and

(d) the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of the nature or amount of the damage.

☒ 213.2 Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in Interrogatory 213.1 ? If so, identify the **DOCUMENTS** and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

## 214.0 Insurance

☐ 214.1 At the time of the **ADVERSE EMPLOYMENT ACTION,** was there in effect any policy of insurance through which you were or might be insured in any manner for the damages, claims, or actions that have arisen out of the **ADVERSE EMPLOYMENT ACTION?** If so, for each policy state:

(a) the kind of coverage;

(b) the name and **ADDRESS** of the insurance company;

(c) the name, **ADDRESS,** and telephone number of each named insured;

(d) the policy number;

(e) the limits of coverage for each type of coverage contained in the policy;

(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and

(g) the name, **ADDRESS,** and telephone number of the custodian of the policy.

☐ 214.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **ADVERSE EMPLOYMENT ACTION?** If so, specify the statute.

☒ 215.1 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **ADVERSE EMPLOYMENT ACTION?** If so, for each individual state:

(a) the name, **ADDRESS**, and telephone number of the individual interviewed;

(b) the date of the interview; and

(c) the name, **ADDRESS,** and telephone number of the **PERSON** who conducted the interview.

☒ 215.2 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **ADVERSE EMPLOYMENT ACTION?** If so, for each statement state:

(a) the name, **ADDRESS**, and telephone number of the individual from whom the statement was obtained;

(b) the name, **ADDRESS,** and telephone number of the individual who obtained the statement;

(c) the date the statement was obtained; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original statement or a copy.

## 216.0 Denials and Special or Affirmative Defenses

☐ 216.1 Identify each denial of a material allegation and each special or affirmative defense in your **PLEADINGS** and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;

(b) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(c) identify all **DOCUMENTS** and all other tangible things, that support your denial or special or affirmative defense, and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

## 217.0 Response to Request for Admissions

☐ 217.1 Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;

(b) state all facts upon which you base your response;

(c) state the names, **ADDRESSES**, and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT E

1  DEBORAH KOCHAN (S.B. #152089)
   MATHEW STEPHENSON (S.B. #154330)
2  **KOCHAN & STEPHENSON**
   260 California Street, Suite 803
3  San Francisco, California 94111
   Telephone: (415) 392-6200
4  Facsimile: (415) 392-6242

5  CHRISTINE EARL

6                    **SUPERIOR COURT OF CALIFORNIA**
7                         **COUNTY OF SOLANO**
                     **UNLIMITED CIVIL JURISDICTION**
8
9  CHRISTINE EARL,                        Case No.: FCS 030332

            Plaintiff,               **PLAINTIFF'S RESPONSE TO**
10                                    **DEFENDANTS' FIRST SET OF FORM**
            vs.                       **INTERROGATORIES – EMPLOYMENT**
11 VNU USA, INC., NIELSEN MEDIA        **LAW**
   RESEARCH, INC., and DOES 1 THROUGH
12 25,
13          Defendants.

14 PROPOUNDING PARTY:        DEFENDANTS VNU USA, INC., & NIELSEN MEDIA
15                           RESEARCH, INC.

16 RESPONDING PARTY:         PLAINTIFF CHRISTINE EARL

17 SET NUMBER:               ONE

18 TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

19      Pursuant to CCP §2031 plaintiff CHRISTINE EARL hereby responds to the FIRST SET

20 OF FORM INTERROGATORIES – EMPLOYMENT LAW, of Defendant VNU USA, INC., &

21 NIELSEN MEDIA RESEARCH, INC:

22 **RESPONSE TO INTERROGATORY NUMBER 200.1**

23 No.

24 **RESPONSE TO INTERROGATORY NUMBER 200.2**

25 Yes.

26 a): There existed performance metrics and it was stated that an employee could be terminated for

27 failure to achieve those requirements. Implicit in that representation was that if an employee met

28

                                           1

1  those requirements, employment would be terminated only for just cause. There may be other

2  facts as well, discovery is continuing.

3  (b): Plaintiff; Sally Dollard; Nancy Josa; Nicole. There may be other persons as well, discovery

4  is continuing.

5  (c): Performance evaluations. There may be other documents as well, discovery is continuing.

6  **RESPONSE TO INTERROGATORY NUMBER 200.3**

7  See 200.2

8  **RESPONSE TO INTERROGATORY NUMBER 200.4**

9  (a): Plaintiff objects to this interrogatory in that it is clearly directed to EMPLOYERS, not

10  EMPLOYEES. Plaintiff is unable to answer the interrogatory as it is beyond plaintiff's personal

11  knowledge and defendant has thus far not responded to any of plaintiff's discovery.

12  (b): See answer to 200.4(a).

13  (c): See answer to 200.4(a).

14  **RESPONSE TO INTERROGATORY NUMBER 200.5**

15  (a): Plaintiff objects to this interrogatory in that it is clearly directed to EMPLOYERS, not

16  EMPLOYEES. Without waiving said objection and subject to same plaintiff responds: No.

17  (b): N/A

18  (c): N/A

19  **RESPONSE TO INTERROGATORY NUMBER 200.6**

20  No.

21  **RESPONSE TO INTERROGATORY NUMBER 202.1**

22  (a): Termination. There may be other adverse employment actions as well, discovery is

23  continuing.

24  (b): Age and disability.

25  (c): Plaintiff was terminated on or about January 6, 2007 for allegedly recruiting an incorrect

26  residence. Plaintiff's performance was at all times better than satisfactory and younger

27  coworkers who had committed errors more egregious than that which plaintiff allegedly

28  committed were not terminated. Soon after plaintiff's termination she was replaced by a

relatively inexperienced woman in her twenties.  Additionally, several months before her termination, plaintiff had informed the company that she was suffering from peripheral neuropathy, a progressive and painful condition that involves the decay of nerves in her feet and makes walking increasingly difficult.  The may be other facts as well, discovery is continuing.

(d): Plaintiff, Sally Dollard; Ryan  ; Diane Reynolds; Lisa L ; Bob Diamond; Nicole  ; Nelson Bellesteros.  In addition to the above individuals, any and all other persons who talked to plaintiff about her treatment from defendant and/or witnessed such treatment and any and all persons in a position to observe plaintiff's job performance.  There may be other persons as well, discovery is continuing.

(e): There may be other documents as well, discovery is continuing.

**RESPONSE TO INTERROGATORY NUMBER 202.2**

Plaintiff met or exceeded all performance requirements and had never been disciplined.  Plaintiff had been performing the job for over 10 years.  There may be other facts as well, discovery is continuing.

**RESPONSE TO INTERROGATORY NUMBER 203.1**

No.

**RESPONSE TO INTERROGATORY NUMBER 204.1**

Peripheral Neuropathy.

**RESPONSE TO INTERROGATORY NUMBER 204.2**

No

**RESPONSE TO INTERROGATORY NUMBER 204.3**

(a): Plaintiff; Sally Dollard.  There may be others as well, discovery is continuing.

(b):  None of which plaintiff is currently aware.

(c): In late 2006 plaintiff explained to Dollard that she suffered from peripheral neuropathy and that the nerves in her feet were dying.  She told Dollard the condition created a painful burning sensation and was progressive.

(d): None of which plaintiff is currently aware.

**RESPONSE TO INTERROGATORY NUMBER 204.4**

Plaintiff objects to this interrogatory in that it is clearly directed to EMPLOYERS, not EMPLOYEES. Without waiving said objection and subject to same plaintiff responds: unknown, discovery is continuing.

**RESPONSE TO INTERROGATORY NUMBER 204.5**

No.

**RESPONSE TO INTERROGATORY NUMBER 204.6**

No.

**RESPONSE TO INTERROGATORY NUMBER 204.7**

Plaintiff objects to this interrogatory in that it is clearly directed to EMPLOYERS, not EMPLOYEES. Without waiving said objection and subject to same plaintiff responds: unknown.

**RESPONSE TO INTERROGATORY NUMBER 205.1**

(a): Defendant terminated plaintiff in violation of the California Fair Employment and Housing Act. There may be other public policy violations as well. Discovery is continuing.

(b): See answer to 202.1(c). There may be other facts as well, discovery is continuing.

**RESPONSE TO INTERROGATORY NUMBER 206.2**

Plaintiff objects to this interrogatory in that it is clearly directed to EMPLOYERS, not EMPLOYEES. Without waiving said objection and subject to same plaintiff responds: none of which plaintiff is aware.

**RESPONSE TO INTERROGATORY NUMBER 206.3**

Plaintiff objects to this interrogatory in that it is clearly directed to EMPLOYERS, not EMPLOYEES. Without waiving said objection and subject to same plaintiff responds: none of which plaintiff is aware.

**RESPONSE TO INTERROGATORY NUMBER 207.1**

Plaintiff objects to this interrogatory in that it is clearly directed to EMPLOYERS, not EMPLOYEES. Without waiving said objection and subject to same plaintiff responds: unknown.

**RESPONSE TO INTERROGATORY NUMBER 207.2**

Plaintiff objects to this interrogatory in that the term "complain" is vague and ambiguous. Without waiving said objection and subject to same plaintiff responds as follows: in that plaintiff was summarily terminated the answer is no, unless the filing of a DFEH complaint constitutes a complaint.

**RESPONSE TO INTERROGATORY NUMBER 208.1**

Yes.  See DFEH complaints attached to Plaintiff's civil complaint.

**RESPONSE TO INTERROGATORY NUMBER 209.1**

No.

**RESPONSE TO INTERROGATORY NUMBER 210.1**

Yes.

**RESPONSE TO INTERROGATORY NUMBER 210.2**

Approximately $94,380 per year since termination.  Plaintiff's earnings for the year preceding termination were approximately $80,000.  Plaintiff's health benefits were approximately $2,800 per annum.  Plaintiff's vehicle and car insurance benefits were approximately $10,000 per annum.  Plaintiff's computer and internet benefit was approximately $1500 per annum.  There may be other losses as well, discovery is continuing.

**RESPONSE TO INTERROGATORY NUMBER 210.3**

Plaintiff may lose income and/or benefits in the future.  Discovery is continuing as to whether there will be any such loss and, if so, the nature and scope of such loss.

**RESPONSE TO INTERROGATORY NUMBER 210.4**

Yes.  Plaintiff has researched job opportunities appropriate to her experience and education. Plaintiff is also improving her computer skills.

**RESPONSE TO INTERROGATORY NUMBER 210.5**

Plaintiff has purchased a computer for approximately $1,500, internet service for approximately $25 per month, a vehicle for $10,000, auto insurance for approximately $50 per month, and COBRA coverage for $322 pr month.  There may be other benefits purchased as well, discovery is continuing.

1  **RESPONSE TO INTERROGATORY NUMBER 210.6**

2  No.

3  **RESPONSE TO INTERROGATORY NUMBER 212.1**

4  Yes.

5  **RESPONSE TO INTERROGATORY NUMBER 212.2**

6  Anxiety, depression, lethargy, sadness, hair loss, weight gain.

7  **RESPONSE TO INTERROGATORY NUMBER 212.3**

8  See response to 212.2, above, which are continuing.

9  **RESPONSE TO INTERROGATORY NUMBER 212.4**

10  No.

11  **RESPONSE TO INTERROGATORY NUMBER 212.5**

12  No.

13  **RESPONSE TO INTERROGATORY NUMBER 212.6**

14  No.

15  **RESPONSE TO INTERROGATORY NUMBER 212.7**

16  N/A.

17  **RESPONSE TO INTERROGATORY NUMBER 213.1**

18  No.

19  **RESPONSE TO INTERROGATORY NUMBER 213.2**

20  N/A.

21  **RESPONSE TO INTERROGATORY NUMBER 215.1**

22  Plaintiff objects to this interrogatory in that to respond would require plaintiff to divulge

23  attorney-client and/or attorney work product information.  Without waiving said objection and

24  subject to same, plaintiff responds that the only individuals interviewed have been interviewed

25  by plaintiff's counsel.

26  **RESPONSE TO INTERROGATORY NUMBER 215.2**

27  Plaintiff objects to this interrogatory in that to respond would require plaintiff to divulge

28  attorney-client and/or attorney work product information.  Without waiving said objection and

1  subject to same plaintiff responds that the only statements that have been obtained have been

2  obtained by plaintiff's counsel.

3  Dated December 20, 2007

4                              KOCHAN & STEPHENSON

5

6

7                              Mathew Stephenson,
                               Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

**PROOF OF SERVICE BY MAIL**

I am employed in Sacramento County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 2520 Venture Oaks Way, Suite 390, Sacramento, California  95833.4227.  I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  On January 8, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**

in a sealed envelope, postage fully paid, addressed as follows:

Deborah Kochan, Esq.
Mathew Stephenson, Esq.
KOCHAN & STEPHENSON
260 California Street, Suite 803
San Francisco, CA  94111

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 8, 2008, at Sacramento, California.

*Geri Prevatt*
_____
Geri Prevatt

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833 4227
916 830 7200

Firmwide:83191232.1 047031.1007