UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHRISTINE EARL,

        Plaintiff,

   v.

NIELSEN MEDIA RESEARCH, INC., et al.,

        Defendants.
_____/

Civ. No. 08-0050 FCD KJM

MEMORANDUM AND ORDER

----oo0oo----

On June 2, 2008, defendants Nielsen Media Research, Inc., and The Nielsen Company (US), Inc. ("defendants") filed a request for reconsideration of the magistrate judge's order filed May 16, 2008,[1] granting plaintiff Christine Earl's ("plaintiff") motion to compel. After considering the memoranda filed by the parties, and for the reasons stated herein, defendants' request for reconsideration is DENIED.[2]

---

[1] (See Order [Docket No. 21], filed May 16, 2008.)

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1

## BACKGROUND[3]

This action arises out of plaintiff's allegation of employment discrimination after plaintiff was terminated from her employment with defendants in January of 2007. On October 11, 2007, plaintiff brought an action against defendants in Solano County Superior Court. Defendants filed an answer on December 5, 2007.

On November 12, 2007, defendants propounded discovery requests upon plaintiff, including a request for production of documents and two sets of California form interrogatories. The total number of interrogatories was more than the 25 allowed under Federal Rule of Civil Procedure 33. On November 15, 2007, plaintiff propounded its own discovery upon defendant, including a request for production of documents, California form interrogatories, and special interrogatories.

On December 20, 2007, plaintiff provided defendants with responses to the discovery defendants had propounded. That same day, defendants requested an extension for providing discovery responses to plaintiff. Plaintiff granted an extension in which defendant was to provide responses no later than January 7, 2008. The parties also agreed to engage in a mutual exchange of documents on January 10, 2008.

On January 4, 2008, defendants requested another extension to respond to plaintiff's discovery. Plaintiff granted an

---

[3] The background facts are taken from a joint statement filed by plaintiff and defendants relating to plaintiff's motion to compel. (See Joint Statement by Plaintiff Christine Earl and Defendants Nielsen Media Research, Inc. and The Nielsen Company (US), Inc. Re. Discovery Disagreement [Docket No. 17], filed May 1, 2008.)

1 extension to January 10, 2008.  The parties also agreed to extend
2 the mutual document exchange to January 16, 2008.
3     On January 8, 2008, two days before discovery responses were
4 due from defendants, defendants removed the case to this court
5 pursuant to 28 U.S.C. § 1441.  On January 10, 2008, plaintiff
6 sent a letter to defendants asking if they intended to respond to
7 plaintiff's discovery requests in light of the case being
8 removed.  Defendants responded the same day and informed
9 plaintiff that since the case had been removed, the Federal Rules
10 of Civil Procedure were applicable and plaintiff's state court
11 discovery requests were not enforceable.  To support its
12 position, defendants cited Visicorp v. Software Arts, Inc., 575
13 F. Supp. 1528 (N.D. Cal. 1983).  Plaintiff responded on January
14 23, 2008, disagreeing with defendants' position and stating that
15 defendants were required to respond to the state court discovery
16 requests.  Plaintiff cited a section of The Rutter Group's
17 Federal Practice Guide to support her position.
18     On January 25, 2008, defendants offered to respond to 25 of
19 the state court interrogatories – the number allowed without
20 leave of court under Federal Rule of Civil Procedure 33.
21 Defendants also offered to respond to plaintiff's state court
22 document production requests.  Plaintiff responded that
23 defendants' proposal was not equitable because plaintiff had
24 provided responses to more than 25 interrogatories while the
25 action was still pending in state court.  Plaintiff then asked
26 defendants to respond to all outstanding discovery and offered to
27 allow defendants the right to make objections to the responses,
28 /////

which plaintiff argued was otherwise waived by defendants' failure to previously provide responses.

On January 31, 2008, the parties conducted a discovery conference pursuant to Federal Rule of Civil Procedure 26(f).[4] During that conference, plaintiff proposed that defendants provide responses to 19 of the 28 state court special interrogatories, three of the form interrogatories, and all of the document requests.  On February 27, 2008, defendants agreed to answer the 19 special interrogatories, three form interrogatories, and all of the document requests on the condition that plaintiff limit the number of additional interrogatories she would issue under the Federal Rules of Civil Procedure to 10.  Plaintiff countered that if defendants responded to the specified state court discovery, then either both parties should be limited in their right to propound further interrogatories, or both parties should be entitled to an additional 25 interrogatories pursuant to Federal Rule of Civil Procedure 33.

On March 21, 2008,[5] plaintiff advised defendants that she was entitled to the discovery responses identified during the Rule 26 conference.  Plaintiff based this assertion on the advisory committee notes corresponding to the 1993 amendments to

---

[4] "Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."  Fed. R. Civ. P. 26(f)(1).

[5] Defendants' counsel was unavailable from March 3, 2008, until March 21, 2008.

4

1  Rules 33 and 34 of the Federal Rules of Civil Procedure.
2  Plaintiff also contended that defendants waived their right to
3  object to any of the discovery requests since responses were not
4  timely provided.  Plaintiff did, however, offer to allow
5  defendants to raise objections based on attorney-client and work-
6  product privileges in its responses.  Defendants rejected the
7  proposal.  On March 24, 2008, the parties met and conferred, but
8  were unable to resolve their dispute.
9       On March 27, 2008, plaintiff brought a motion to compel
10 defendants to respond to all outstanding state court discovery,
11 or, alternatively, to the state court interrogatories and
12 document requests identified during the Rule 26 conference.
13 Plaintiff also sought an award of her expenses, including
14 attorneys fees, associated with the filing of the motion to
15 compel.  On May 7, 2008, a hearing was held in front of
16 Magistrate Judge Mueller.  On May 15, 2008, the magistrate judge
17 issued an order that 1) required defendants to respond without
18 objection, except for attorney-client and work-product privilege,
19 to the discovery identified by plaintiff during the Rule 26
20 conference; 2) ruled that plaintiff would be allowed to propound
21 three further interrogatories without leave of court, while
22 defendant would not be allowed to propound any further
23 interrogatories without leave of court; and 3) awarded $5,000 to
24 plaintiff against defendants for expenses incurred in connection
25 with the motion to compel.
26      On June 2, 2008, defendants submitted a request for this
27 court to reconsider the magistrate judge's ruling pursuant to
28 Local Rule 72-303.

5

**STANDARD**

Pursuant to Local Rule 72-303(f), a magistrate judge's orders shall be upheld unless "clearly erroneous or contrary to law." See also 28 U.S.C. § 636(b)(1)(A). To be clearly erroneous, a decision must be more than just "maybe or probably wrong." Fisher v. Roe, 263 F.3d 906, 912 (9th Cir. 2001) (citing Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988). Instead, as one court explained, a decision "must...strike us as wrong with the force of a five-week old, unrefrigerated dead fish." Id.

**ANALYSIS**

Defendants have requested that this court reconsider all three of the magistrate judge's rulings on plaintiff's motion to compel.

**1.   Order Requiring Responses to Discovery**

In her motion to compel, plaintiff argued that defendants should be compelled to respond to the discovery identified during the Rule 26 conference, without objection, because defendants failed to timely respond to the discovery. The magistrate judge agreed and ordered defendants to respond to the discovery identified during the Rule 26 conference without objection (except for objections related to attorney-client and work-product privilege). Defendants do not contest the portion of the magistrate judge's order requiring them to respond to the discovery identified during the Rule 26 conference. Instead, defendants argue that the magistrate judge erred in ruling defendants waived objections to responses they were compelled to provide.

6

"Any ground [for objecting to interrogatories] not stated in a timely objection is waived unless the court, *for good cause*, excuses the failure." Fed. R. Civ. P. 33(b)(4) (emphasis added). In determining if good cause exists:

> "[T]he Court should look into the circumstances behind the failure to object, whether it was inadvertent, defiant, or part of a larger calculated strategy of noncompliance. The Court may also look at subsequent actions by the party to ascertain whether it was acting in good faith, as opposed to acting in a disinterested, obstructionist or bad faith manner. The Court should always take into account any resulting prejudice or lack thereof, and the need to preserve the integrity of the rules by serving as a warning to other litigants. Finally, the Court may assess lesser sanctions should that be more appropriate."

Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc., 200 F.R.D. 255, 259 (M.D.N.C. 2001)

The 1993 advisory committee notes to Federal Rule of Civil Procedure 33 provide that when a case with outstanding interrogatories is removed to federal court, "the interrogating party must seek leave allowing the additional interrogatories, *specify which twenty-five are to be answered*, or resubmit interrogatories that comply with the rule." Fed. R. Civ. P. 33 advisory committee notes (emphasis added). Furthermore, "under Rule 26(d), the time for response would be measured from the date of the parties' meeting under Rule 26(f)." Id. Similar guidance is proffered in the 1993 advisory committee notes to Federal Rule of Civil Procedure 34, which governs document requests.[6] Fed. R. Civ. P. 34 advisory committee notes.

---

[6] Specifically, the 1993 advisory committee notes to Federal Rule of Civil Procedure 34 provide, in pertinent part, that "[w]hen a case with outstanding requests for production is removed to federal court, the time for response would be measured from the date of the parties' [Rule 26(f)] meeting."

1    In this case, plaintiff and defendants held a Rule 26(f)
2 conference on January 31, 2008.  During that conference,
3 plaintiff proposed that defendants provide responses to 22 of the
4 state court interrogatories and all of the state court document
5 requests.  Pursuant to Federal Rules of Civil Procedure 33 and
6 34, as well as the 1993 advisory committee notes to Rules 33 and
7 34, defendants had 30 days to respond to the discovery identified
8 by plaintiff.  To this day, however, defendants have not provided
9 responses.
10    Despite this, defendants argue that they did not waive
11 objections to the responses because they had good cause for not
12 responding.  To support this argument, defendants state they
13 relied in good faith on Visicorp v. Software Arts, Inc., 575 F.
14 Supp. 1528 (N.D. Cal. 1983).  In Visicorp, the court held that
15 when a case is removed to federal court, the state court
16 discovery is without any "force and effect" in federal court.
17 Id. at 1531.  Visicorp, however, was decided 10 years before the
18 addition of the 1993 amendments to Rules 33 and 34 and the
19 corresponding advisory committee notes.  As noted above, those
20 advisory committee notes expressly state that a party may be
21 required to respond to interrogatories outstanding from state
22 court prior to removal.  As such, the magistrate judge would not
23 have been clearly erroneous in determining that Visicorp has been
24 superseded by the Federal Rules.  Moreover, even if Visicorp has
25 not been superseded by the Federal Rules, it is not binding on
26 this court.  Therefore, since the applicability of Visicorp is,
27 at best, uncertain, it was not clearly erroneous and contrary to
28 law for the magistrate judge to determine that defendants lacked

1  good cause for withholding discovery responses despite their
2  reliance on Visicorp.
3      Defendants also argue that they had good cause in not
4  responding to plaintiff's discovery because plaintiff did not
5  inform defendants that she was seeking responses pursuant to the
6  1993 advisory committee notes until March 21, 2008 - seven weeks
7  after the Rule 26 conference.  This, defendants argue, goes
8  against the "spirit" of the advisory committee notes.  However,
9  nothing in the committee notes contemplates that a party
10 propounding discovery is required to direct the responding party
11 to the advisory committee notes.  Furthermore, defendants could
12 have also provided responses after being made aware of the 1993
13 advisory committee notes but, to date, have still not provided
14 responses.  Therefore, it was not clearly erroneous and contrary
15 to law for the magistrate judge to rule that defendants lacked
16 good cause for withholding discovery responses.
17     Additionally, defendants have not suffered any notable
18 prejudice as a result of the magistrate judge's ruling.
19 Plaintiff has already provided responses to part of defendants'
20 state court discovery, while defendants have not provided any
21 responses to plaintiff.  The effect of the magistrate judge's
22 ruling is that each party will now have access to discovery, as
23 opposed to only defendants.  Accordingly, the resulting prejudice
24 suffered by defendants, if any, is minimal.  See Drexel Heritage,
25 200 F.R.D. at 259.
26     Since a finding that defendants lacked good cause to
27 withhold discovery responses was not clearly erroneous and
28 contrary to law, the magistrate judge did not err in ruling that

9

1  defendants waived objections (except those relating to attorney-
2  client and work-product privileges) to the responses they are
3  compelled to provide plaintiff.  Accordingly, defendants' request
4  to reconsider this portion of the magistrate judge's order is
5  DENIED.

**2.   Order Ruling Defendants May Not Propound Further Interrogatories Without Leave Of Court**

8   The magistrate judge's order compelling discovery responses
9  from defendants also stated that defendant could not propound any
10 further interrogatories upon plaintiff without leave of court.
11 Defendants argue that the magistrate judge erred in making that
12 ruling since plaintiff did not request such relief in her motion
13 to compel.  Defendants argue that the magistrate judge's ruling
14 is contrary to Federal Rule of Civil Procedure 7, which requires
15 a request for a court order to "state the relief sought."  Fed.
16 R. Civ. P. 7(b)(1)(C).

17   Based on the filings relating to plaintiff's motion to
18 compel, however, it was not clearly erroneous and contrary to law
19 for the magistrate judge to limit defendants' right to propound
20 further interrogatories.  The foundation of plaintiff's motion to
21 compel was to seek an equal number of interrogatories for each
22 party.  Plaintiff suggested that this could be accomplished by
23 having each party "count the state court interrogatories they
24 already propounded against the total allowed pursuant to the
25 federal rules."  (Joint Statement 10:21-22.)  Since defendants
26 already propounded more than 25 interrogatories (the maximum
27 allowed under Rule 33 without leave of court) in state court, it
28 was contemplated that defendants would not be able to propound

10

further interrogatories in this court if the magistrate judge granted plaintiff's motion to compel.  Therefore, it was not clearly erroneous and contrary to law for the magistrate judge to make such a ruling, and defendants' request to reconsider that ruling is DENIED.

**3.   Award Of Expenses**

The magistrate judge awarded plaintiffs reasonable expenses incurred in connection with the motion to compel in the amount of $5,000 to be paid by defendants.  Defendants contend that they were substantially justified in not responding to the discovery and, therefore, the magistrate judge erred in awarding expenses to plaintiff.[7]  In arguing that they were substantially justified in not responding, defendants present essentially the same arguments as those supporting their assertion that they had good cause for not responding to plaintiff's discovery: that they were justified in relying on Visicorp, and that plaintiff did not initially inform defendants she was seeking discovery responses pursuant to the 1993 advisory committee notes of Federal Rules of Civil Procedure 33 and 34.  Therefore, for the same reasons it was not clearly erroneous and contrary to law for the magistrate judge to compel defendants to respond to plaintiff's discovery without objection, it was also not clearly erroneous and contrary to law for the magistrate judge to award reasonable expenses incurred in litigating the motion to compel.  Accordingly,

---

[7] Rule 37(a)(5)(A)(ii) provides that a court must require a nondisclosing party to pay the moving party's reasonable expenses incurred in bringing a successful motion to compel unless "the opposing party's nondisclosure, response, or objection was substantially justified."

11

defendants' request to reconsider the magistrate judge's decision to award $5,000 in expenses to plaintiff is DENIED.

**CONCLUSION**

For the reasons stated herein, defendants have not demonstrated that any portion of the magistrate judge's ruling in response to plaintiff's motion to compel was clearly erroneous or contrary to law. Accordingly, defendants' request to reconsider the magistrate judge's ruling is DENIED.

IT IS SO ORDERED.

DATED: October 29, 2008

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE