UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHRISTINE EARL,

        Plaintiff,

  v.

VNU USA, INC., NIELSEN MEDIA RESEARCH, INC.,

        Defendants.

NO. CIV. S-08-50 FCD KJM

MEMORANDUM AND ORDER

----oo0oo----

This employment discrimination case, in which plaintiff Christine Earl ("plaintiff") alleges age and disability discrimination, is before the court on plaintiff's motion to extend the discovery cut-off and expert witness disclosure dates pursuant to Federal Rule of Civil Procedure 16.[1] Plaintiff moved ex parte to hear the instant motion on shortened time in light of the impending discovery deadline of March 31, 2009 and expert

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1

witness disclosure deadline of April 15, 2009.[2] After considering defendants Nielsen Media Research, Inc. and The Nielson Company (US), Inc.'s[3] ("defendants") opposition to the ex parte application to shorten time, the court granted plaintiff's request and set an expedited briefing schedule on the motion. (Docket #79.) The court has reviewed the parties' briefing, and for the following reasons, plaintiff's motion to extend the discovery and expert witness disclosure deadlines is GRANTED.

A pretrial order "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16, advisory committee's notes (1983 amendment)). The "good cause" standard set forth in Rule 16 primarily focuses upon the diligence of the party requesting the extension. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

Here, plaintiff seeks a modest extension of the applicable deadlines due to defendants' belated production of documents and

---

[2] See Stip. and Order, filed Nov. 20, 2008, modifying the pretrial scheduling order (Docket #36).

[3] The Nielson Company (US), Inc. was erroneously sued as VNU USA, Inc.

ongoing discovery disputes with defendants.[4] The parties' briefs detail the numerous, protracted discovery disputes that have plagued this case over the last ten months. (Docket #74 at 3-14; Docket #83 at 2-11.) It is not necessary, however, to describe that procedural history here. For purposes of this motion, it is sufficient to recount those facts which demonstrate that plaintiff has exercised due diligence in pursuing discovery throughout this litigation and, thus, is entitled to the requested modification of the pretrial schedule.

In response to what plaintiff considered inadequate discovery responses by defendants, she consistently sought relief from the court via various motions to compel discovery, heard by the assigned magistrate judge. Plaintiff prevailed on the majority of these motions,[5] and in some instances, despite being ordered by the court to comply in specific respects, defendants did not do so, and plaintiff had to file further motions to compel. As a result of these motions, defendants were ordered to provide written responses and produce various documents. Since late February 2009, they have produced over 300 documents. Some of these documents were required to be produced over a year ago,

---

[4] Plaintiff seeks a six week extension of the discovery cut-off to May 15, 2009, and a two week extension of the expert witness disclosure deadline to May 1, 2009. Plaintiff does not request a continuance of the trial date of December 8, 2009 or any other pretrial deadlines.

[5] On one of these motions to compel, defendants were ordered to provide responses to plaintiff's discovery without objection, having waived their right to object by their failure to timely respond, and to pay plaintiff's reasonable expenses of $5,000.00 incurred in bringing the motion. Defendants filed a motion to reconsider that order before the undersigned, which the court denied on October 29, 2008 (Docket #29).

3

yet, defendants only produced them on March 4, 2009. Plaintiff requests adequate time to review these documents in order to propound any further discovery relating to these documents and/or to file any necessary discovery motions relating to the documents. Under the circumstances of this case, good cause exists to grant plaintiff a brief, six week extension of the discovery cut-off for these purposes.

Additionally, defendants' belated production of documents has necessitated the continuance of certain person most knowledgeable depositions, which though commenced in November 2008 have still not been completed. These continued depositions are set to be concluded by the end of March 2009. Plaintiff also requests the discovery extension in order to permit time to resolve any disputes which may arise during these depositions, which could require the filing of further motions to compel. Plaintiff's requested six week extension of the discovery period is reasonable and will allow time for the resolution of any issues which arise during the depositions set to take place on March 23, 24 and 30, 2009.

Further, defendants' late production of documents, specifically relevant to plaintiff's planned statistical analysis of the ages and salaries of defendants' membership representatives over the last five years, also has impacted plaintiff's ability to prepare her expert reports. On March 10, 2009, the magistrate judge granted plaintiff's motion to compel and ordered defendants to produce by March 25, 2009 various documents relating to plaintiff's requests for information as to the ages and salaries of defendants' membership representatives.

To permit adequate time to review these documents and have plaintiff's statistical expert prepare his report, plaintiff requests a two week extension of the expert witness disclosure deadline. In light of the late disclosure of these documents, the court finds good cause to grant a limited extension of the expert witness disclosure deadline. Said deadline shall be extended from April 15 to May 1, 2009 for all parties' experts.[6]

Finally, the court notes that the above extensions of the discovery and expert witness disclosure deadlines does not prejudice defendants. The extensions are minimal and will not necessitate any continuance of the other pretrial deadlines, including the dispositive motion, final pretrial conference or trial dates. Those dates, as set forth in the stipulation and order of November 20, 2008 (Docket #36), will remain in tact.

Therefore, for all the above reasons, the court GRANTS plaintiff's instant motion to continue the discovery cut-off to May 15, 2009 and the deadline for expert witness disclosures to May 1, 2009.

IT IS SO ORDERED.

DATED: March 30, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[6] Defendants requested that should the court grant an extension of the expert witness disclosure deadline, that the deadline be extended mutually so that defendants could disclose their experts at the same time. The court finds good cause to do so under the facts of this case, which have involved vigorous discovery disputes between the parties wherein defendants also have prevailed at times.

5