UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHRISTINE EARL,

      Plaintiff,

  v.

VNU USA, INC., NIELSEN MEDIA RESEARCH, INC.,

      Defendants.
_____/

NO. CIV. S-08-0050 FCD KJM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendants Nielsen Media Research, Inc.'s and the Nielsen Company (U.S.), Inc.'s (collectively "defendants"), motion for attorneys' fees pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and California Government Code § 12965(b). Plaintiff Christine Earl ("plaintiff" or "Earl") opposes the motion, arguing that fees are not appropriate because her claims were not frivolous,

unreasonable, or groundless. For the reasons set forth below,[1] defendants' motion for fees is DENIED.

On October 11, 2007, plaintiff Earl filed a complaint in the Superior Court of the State of California in and for the County of Solano, alleging claims for (1) Age Discrimination in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Disability Discrimination in Violation of the FEHA; and (3) wrongful termination in violation of public policy. On January 8, 2008, defendant removed the case to this court on the basis of diversity jurisdiction.[2]

After numerous discovery motions, defendants filed motions for summary judgment. Plaintiff did not oppose defendant Nielsen Company (U.S.) Inc.'s motion for summary judgment, but opposed the motion by defendant Nielsen Media Research, Inc.. Based upon the submissions of the parties and the arguments made at hearing, the court concluded that although plaintiff had set forth a prima facie case of age discrimination in violation of FEHA, she failed to submit either specific or substantial evidence that defendant's reasons for termination were pretextual. (Mem. & Order [Docket #120], filed Sept. 29, 2009, at 9-20.) The court also concluded that plaintiff had failed to present any evidence demonstrating discriminatory intent based upon a disability. (Id. at 20.) Accordingly, plaintiff's claim for wrongful

---

[1] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L. R. 230(g).

[2] The factual background is set forth fully in the court's Memorandum and Order [Docket #120], filed September 29, 2009.

termination in violation of public policy, which was based upon the asserted FEHA violations, similarly failed. Therefore, the court granted defendants' motions for summary judgment.

Federal Rule of Civil Procedure 54(d) provides that attorneys' fees may be awarded to a prevailing party in accordance with applicable statutes. California Government Code § 12965(b) provides that a court, in its discretion, may award reasonable attorneys' fees and costs to the prevailing party on a FEHA claim. "The language, purpose and intent of California and federal antidiscrimination acts are virtually identical," and therefore, California courts have adopted the principles and methods developed by federal courts in employment discrimination claims under Title VII to state law claims brought under FEHA. Cummings v. Benco Bldg. Servs., 11 Cal. App. 4th 1383, 1386 (2d Dist. 1992).

The Supreme Court has held that "a district court may in its discretion award attorney's fees to a prevailing defendant in [an employment discrimination] case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). However, in making this determination, the Court has instructed that a "district court should resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Id. at 421-22. Indeed, "[e]ven when the law or facts appear questionable or
/////

unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." Id. at 422.

California courts have expressly adopted the standards set forth by the Supreme Court in Christiansburg to determine whether a prevailing defendant employer is entitled to attorneys' fees under FEHA. Cummings, 11 Cal. App. 4th at 1387-88; see Jersey v. John Muir Medical Ctr., 97 Cal. App. 4th 814, 830-31 (1st Dist. 2002); Rosenman v. Christensen, Miller, Fink, Jacobs, Glaser, Weil, & Shapiro, 91 Cal. App. 4th 859, 865-66 (2d Dist. 2001). In Cummings, the court denied the defendants' motion for attorneys fees despite granting summary judgement in their favor. 11 Cal. App. 4th at 1383. In opposition to the motion for summary judgment, the plaintiff had offered "some evidence of age discrimination," including her employer's: (1) comments about her age; (2) opinion that she was physically unable to perform her tasks; and (3) deposition testimony that no other similarly situated employee was as old as plaintiff. Id. at 1388-89. Ultimately, the court concluded that this evidence "was not substantial enough to create a triable issue of fact" under the McDonnell Douglas burden shifting analysis. Id. However, the court held that because the plaintiff's conduct was not "egregious," the plaintiff's case was not "patently baseless," and "reasonable minds [could] differ as to the strength of the case," attorneys fees were not warranted under FEHA. Id. at 1389.

Indeed, California courts rarely grant fees, except in the most extreme cases. Rosenman, 91 Cal. App. 4th at 872 ("A relatively small number of California cases have awarded attorney

4

fees to the prevailing defendant under the Christianburg standard."). Fees have been awarded where the plaintiff's claim was clearly foreclosed or factually groundless. Linsley v. Twentieth Century Fox Film Corp., 75 Cal. App. 4th 762 (1991) (awarding defendants attorney fees where plaintiff brought an unlawful discrimination claim six months after signing a release which explicitly released defendants of all liability for such causes of action); Saret-Cook v. Gilbert, Kelly, Crowley & Jennet, 74 Cal. App. 4th 1211 (1999) (granting attorneys' fees where plaintiff's entire FEHA pregnancy discrimination claim was based on plaintiff's outright and admitted lies). Fees have also been awarded where the plaintiff continued to pursue "litigation after discovery affirmatively disclosed the factual basis for the alleged discrimination was patently nonexistent." Cummings, 11 Cal. App. 4th at 1390 (citing E.E.O.C. v. Jordan Graphics, Inc., 769 F. Supp. 1357 (W.D.N.C. 1991)). Further, while not conclusive, a plaintiff's ability to establish a prima facie case militates strongly in favor of not granting attorneys fees. Cf. Gonzales v. Metpath, Inc. 214 Cal.App.3d 422 (1989) (granting attorneys' fees where plaintiff failed to establish a prima facie case and finding plaintiff lacked any legitimate justification for bringing her action forward); Guthrey v. State of California, 63 Cal.App.4th 1108 (1998) (granting attorneys' fees where the court held "there is absolutely no evidence on the record which supports a finding that [plaintiff] has established a prima facie case for any of his claims").

In this case, defendants have failed to demonstrate that plaintiff's claim meets the Christianburg standard for attorneys

fees. Plaintiff presented sufficient evidence to establish a prima facie case of age discrimination. Specifically, plaintiff proffered evidence that (1) she was competently performing in her position, (2) she was replaced by a substantially younger employee, (3) she was treated differently than other employees, and (4) defendants failed to engage in a complete progressive discipline policy. Further, plaintiff offered expert analysis of statistical evidence supporting her contention that defendant had a pattern or practice of discriminating on the basis of age. Id. Ultimately, this evidence was insufficient to create a triable issue of fact as to pretext because (1) plaintiff was replaced by an employee within the protected class, (2) she was unable to point to similarly situated employees that she was treated different from, and (3) plaintiff's statistical expert did not utilize the relevant proxy pool for comparison. However, as in Cummings, plaintiff's claim was supported by "some evidence of age discrimination." 11 Cal. App. 4th at 1389. Moreover, defendants fail to point to any conduct by plaintiff that rises to that required by courts to grant fees.

Defendants contend that plaintiff and her counsel knew or should have known that her claims were "baseless" by the conclusion of plaintiff's deposition. However, contrary to defendants' assertions, the court did not conclude that plaintiff's claims were without legal or factual foundation. Rather, the court concluded that plaintiff had failed to present specific and substantial evidence of pretext sufficient to attack the legitimacy of defendants' proffered non-discriminatory justifications for termination.

Defendants have wholly failed to demonstrate that plaintiff's claim was completely meritless, unreasonable, or frivolous. Accordingly, defendants motion for attorneys fees is DENIED.

        IT IS SO ORDERED.

DATED: February 16, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE